THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAMUEL ABELSON, JAMES LAGALA, HYMAN BECKER, ARTHUR J. FROMEN, JULES KRAMER, ANTHONY PERRONE, JOSEPH LAPE, SAMUEL SIEGEL, HARRY A. ROSEN, Alias AL ROSEN, Appellants.

Argued November 28, 1955; decided February 17, 1956.

*William B. Mahoney* for Hyman Becker and others, appellants. I. There was a complete failure by the People to make out a prima facie case against any of the defendants on any of the counts. There was no proof of the corpus delicti of the crime and the indictment should have been dismissed at the close of the People's case. (*People* v. *Erickson,* 302 N. Y. 461;

*People* v. *Sacks,* 276 N. Y. 321; *Ruloff* v. *People,* 18 N. Y. 179; *People* v. *Cuozzo,* 292 N. Y. 85; *People* v. *Taddio,* 292 N. Y. 488; *People* v. *Weiss,* 290 N. Y. 160; *People* v. *Goldstein,* 295 N. Y. 61; *People* v. *Charney,* 269 App. Div. 680; *People* v. *Giro,* 197 N. Y. 152; *People* v. *Deacons,* 109 N. Y. 374.) II. The alleged identity of the voices of defendants was not established in a satisfactory way. The court failed to consider such question as a matter of law. The identification of voices was without foundation and the indictment should have been dismissed. (*Murphy* v. *Jack,* 142 N. Y. 215; *People* v. *McKane,* 143 N. Y. 455; *People* v. *Strollo,* 191 N. Y. 42; *People* v. *Dunbar Contr. Co.,* 215 N. Y. 416; *People* v. *McDonald,* 177 App. Div. 806; *People* v. *Sacks,* 276 N. Y. 321; *People* v. *Davino,* 284 N. Y. 486, 288 N. Y. 423.) III. The People failed to establish the single conspiracy charged in the first count of the indictment or any other conspiracy. (*People* v. *Friedlander,* 280 N. Y. 436; *People* v. *Winter,* 288 N. Y. 418; *Linde* v. *United States,* 13 F. 2d 59; *United States* v. *Lekacos,* 151 F. 2d 170; *Kotteakos* v. *United States,* 328 U. S. 750.) IV. Defendants' motion to dismiss the indictment on the ground that the evidence before the Grand Jury was insufficient as a matter of law to justify its return should have been granted. (*People* v. *Nitzberg,* 289 N. Y. 523.) V. The court's failure in its charge to marshal the facts in the complicated case was prejudicial error. Furthermore, the court's failure to assist the jury when informed that some of the jurors did not understand the definition of conspiracy constituted prejudicial error. (*People* v. *Odell,* 230 N. Y. 481; *People* v. *Buchalter,* 289 N. Y. 181; *People* v. *Fanning,* 131 N. Y. 659; *People* v. *Becker,* 210 N. Y. 274; *People* v. *Aszkler,* 264 App. Div. 938; *People* v. *Birch,* 283 App. Div. 844; *People* v. *Flynn,* 290 N. Y. 220; *People* v. *Gonzalez,* 293 N. Y. 259; *People* v. *Lupo,* 305 N. Y. 448.) VI. It was error for the court to allow the jurors to speculate on the jargon contained in the testimony. The court admitted it did not understand the same and would require the District Attorney to produce explanatory proof. There was a complete failure to produce the same. (*People* v. *Samuels,* 302 N. Y. 163; *People* v. *Strait,* 148 N. Y. 566.) VII. The court's abrupt interference with and eventual breaking off of the summation of defense counsel was prejudicial to defendants and constituted error. (*People* v. *Kelly,* 94 N. Y.

526; *People* v. *Mayer,* 132 App. Div. 646; *People* v. *Buchalter,* 289 N. Y. 181.) VIII. The court erroneously admitted conversations relating to instances outside the scope of the conspiracy. Also, the court failed to exercise discretion to delete vulgar and filthy language, and then informed the jurors that, in his mind, it formed a pattern of conversation which was material to the conspiracy. (*People* v. *Vaccaro,* 288 N. Y. 170; *People* v. *Ryan,* 263 N. Y. 298; *People* v. *Feld,* 305 N. Y. 322.)

*John I. O'Day* for James Lagala and another, appellants. I. The testimony of the witness Robinson to the effect that, after hearing hundreds of telephonic conversations on his recording device, he was able, three months later, to identify the voice of eighteen of the conversants, was incredible as matter of law. (*People* v. *Dunbar Contr. Co.,* 215 N. Y. 416; *People* v. *Strollo,* 191 N. Y. 42.) II. Since the witness Robinson testified that he had not identified either of these appellants or any other defendant in his testimony before the Grand Jury, there was not presented to that body evidence to make out a prima facie case and the indictment should be dismissed. (*People* v. *Nitzberg,* 289 N. Y. 523.) III. The People failed to establish a prima facie case against these appellants since there was no proof of a conspiracy, there was no proof that any '' trial or contest of skill, speed and power of endurance of horses or men '' took place on any of the dates in question, and there was no proof that the contents of the conversations recorded related to wagers or bets upon any such contests. (*People* v. *Winter,* 288 N. Y. 418; *People* v. *Friedlander,* 280 N. Y. 437; *People* v. *Cuozzo,* 292 N. Y. 85; *People* v. *Taddio,* 292 N. Y. 488.) IV. The court was in error in allowing the jury to have access to typewritten transcripts of certain recordings as an aid to their interpretation of them. (*People* v. *Feld,* 305 N. Y. 322; *People* v. *O'Keefe,* 281 App. Div. 409, 306 N. Y. 619.) V. The court improperly allowed the District Attorney to examine appellant Lagala's trial counsel as to that appellant's presence at the scene of the incriminating phone calls. VI. The court committed error in charging the jury in that: (1) It took away from the jury the question as to whether appellant Lagala was '' Jimmy Dale '', and (2) it failed to marshal the evidence for the benefit of the jury. (*People* v. *Becker,* 210 N. Y. 274; *People* v. *Fanning,* 131 N. Y. 659; *People* v. *Aszkler,* 264 App. Div. 938.)

*John S. McGovern* for Samuel Abelson and others, appellants. I. The identification of appellant Lape as a perpetrator of these misdemeanors, based solely on the hearing of a voice over a telephone which voice was not known at the time of hearing it and did not become known until nearly three months later, was not sufficient to send the case to the jury and was not sufficient to justify the jury in finding appellant guilty beyond a reasonable doubt and to overcome the presumption of innocence with which he was clothed. (*Murphy* v. *Jack,* 142 N. Y. 215; *People* v. *Crum,* 272 N. Y. 348; *People* v. *Strollo,* 191 N. Y. 42; *People* v. *Dunbar Contr. Co.,* 215 N. Y. 416; *Mankes* v. *Fishman,* 163 App. Div. 789; *Woodruff* v. *Benesch,* 112 Misc. 489; *People* v. *McDonald,* 177 App. Div. 806; *People* v. *Trybus,* 219 N. Y. 18.) II. The People failed to prove beyond a reasonable doubt the crime of book-making as alleged in counts 20 and 22 of the indictment and there was no adequate proof of all the elements of the crime described in section 986 of the Penal Law. (*People* v. *Erickson,* 302 N. Y. 461; *Bamman* v. *Erickson,* 288 N. Y. 133; *Watts* v. *Malatesta,* 262 N. Y. 80; *Ruloff* v. *People,* 18 N. Y. 179; *People* v. *Cuozzo,* 292 N. Y. 85; *People* v. *Taddio,* 292 N. Y. 488; *People* v. *Carroll,* 54 Cal. App. 684; *People* v. *Giro,* 197 N. Y. 152; *People* v. *Deacons,* 109 N. Y. 374; *People* v. *Popoff,* 289 N. Y. 344.) III. There was no adequate proof of a conspiracy. (*People* v. *Friedlander,* 280 N. Y. 437; *People* v. *Winter,* 288 N. Y. 418; *Linde* v. *United States,* 13 F. 2d 59; *Kotteakos* v. *United States,* 328 U. S. 750.) IV. The trial court, in his charge to the jury, failed to marshal the facts in this long and complicated case and the jury was left to its own devices to sift out and apply the evidence as best they could. This is error. (*People* v. *Odell,* 230 N. Y. 481; *People* v. *Buchalter,* 289 N. Y. 181; *People* v. *Fanning,* 131 N. Y. 659; *People* v. *Becker,* 210 N. Y. 274; *People* v. *Aszkler,* 264 App. Div. 938; *People* v. *Birch,* 283 App. Div. 844; *People* v. *Flynn,* 290 N. Y. 220; *People* v. *Gonzales,* 293 N. Y. 259; *People* v. *Lupo,* 305 N. Y. 448.) V. The motion of appellants to dismiss the indictment on the ground that the evidence before the Grand Jury was insufficient as a matter of law should have been granted.

*John S. McGovern* for Jules Kramer, appellant. I. The appellant Kramer adopts the same argument as made in the

brief of appellants Joseph Lape and Samuel Abelson under point one of the argument for appellant Lape. II. There was no adequate proof of conspiracy. There was a complete failure to establish the conspiracy as alleged in the indictment. No single conspiracy was proven. And the court's failure, in his charge, to marshal the facts in this complicated case was prejudicial error. And the court's failure to assist the jury when informed that some of the jurors did not understand the definition of conspiracy constituted reversible error. III. There was no adequate proof of all the essential elements of the crime described in section 986 of the Penal Law. IV. Due process of law was denied appellants and was not observed in the failure to follow the provisions of section 813-a of the Code of Criminal Procedure, and section 605 of the Federal Communications Act was violated and the legislation designated as section 813-a of the Code of Criminal Procedure is unconstitutional.

*Abe Roth* for Harry A. Rosen, appellant. It was error for the court to receive evidence obtained by wire tapping (if the rule of evidence of the *Adams, Defore* and *Richter* cases is abandoned). (*People* v. *Adams,* 176 N. Y. 351; *People* v. *Defore,* 242 N. Y. 13; *People* v. *Richter's Jewelers,* 291 N. Y. 161; *People* v. *Le Doux,* 155 Cal. 535; *People* v. *Mayen,* 188 Cal. 237; *People* v. *Bonzales,* 20 Cal. 2d 165; *People* v. *Kelley,* 22 Cal. 2d 169; *People ex rel. Kenny* v. *Adams,* 292 N. Y. 65.)

*John F. Dwyer, District Attorney* (*Merrill G. Windelberg* and *Leonard Finkelstein* of counsel), for respondent. I. The identification of defendants was sufficient beyond a reasonable doubt. (*Mack* v. *State,* 54 Fla. 55; *Commonwealth* v. *Hayes,* 138 Mass. 185; *Murphy* v. *Jack,* 142 N. Y. 215; *People* v. *Levis,* 96 Misc. 513; *People* v. *Strollo,* 191 N. Y. 42; *People* v. *Dunbar Contr. Co.,* 215 N. Y. 416; *Rimes* v. *Carpenter,* 61 Misc. 614; *People* v. *McDonald,* 177 App. Div. 806; *Woodruff* v. *Benesch,* 112 Misc. 489; *Ogden* v. *People,* 134 Ill. 599.) II. The court charged the jury fully, fairly and impartially in accordance with all provisions of law. III. The evidence of the People established the guilt of defendants beyond a reasonable doubt. (*People* v. *Suffolk Contr. Co.,* 171 App. Div. 645; *People* v. *Connolly,* 253 N. Y. 330; *People* v. *Peckens,* 153 N. Y. 576.) IV. The evidence before the Grand Jury was sufficient to return

this indictment. (*People* v. *Nitzberg,* 287 N. Y. 183, 289 N. Y. 523.) V. The evidence established beyond a reasonable doubt the usage and meaning of the language of defendants-appellants. (*People* v. *McDonald,* 177 App. Div. 806.) VI. The court's discretion was properly exercised in fixing reasonable time limitations for summations; no prejudice was sustained by the termination of the summation of one defense counsel, who had exceeded the time limitation and additional time granted. (*People* v. *Kelly,* 94 N. Y. 526.) VII. The court admitted evidence only within the scope of the indictment and the vulgarity of defendants-appellants was their pattern of speech. VIII. The transcripts were accurate and were properly given to the jury during the playing of the recordings as an aid. IX. The cross-examination of Lagala's trial counsel, sworn as a witness by the defense, was fair and proper and without prejudice.

*Per Curiam.* The judgments of conviction of the nine appellants must be reversed and a new trial ordered for the following reasons: (1) the proof of voice identification was inadequate to send the question to the jury, (2) the People failed to prove, prima facie, that appellants were engaged in a single conspiracy to commit the crime of book-making, (3) the People failed to prove, prima facie, that appellants, or any of them, committed the crime of book-making, and (4) there was no explanation given to the jury of the meaning of the jargon employed by the telephone conversants.

As to (1): The People's case against the appellants rests upon the testimony of a special investigator for the District Attorney who, pursuant to the authority of two Supreme Court orders, listened in on over one hundred telephone conversations during some two weeks' time for six hours each day and then identified the nine appellants and at least ten others, three months later, as possessing voices he had previously heard in such telephonic wire tapping. At the time he heard the voices he did not know the persons to whom any of the voices belonged except appellants Fromen and Becker. While the investigator was listening in on the unfamiliar voices, he was busily making pencilled notes and attempting to record the substance of the conversations on the telephones.

There is, in this record, no individual identification of the voices of the telephone conversants but, rather, a collective or general description. Accordingly, on the state of this record we hold, as a matter of law, that the investigator's identification of voices he heard on the telephones as belonging to appellants falls below the standard necessary to rebut the presumption of innocence and to prove the guilt of the appellants beyond a reasonable doubt.

As to (2): The indictment charges that appellants entered into a *single* conspiracy to commit the crime of book-making. However, the evidence against appellants does not spell out the details of any specific or unified effort but rather a series of disconnected transactions from which, at the most, inference of several conspiracies may be drawn.

As to (3): The People failed to prove the corpus delicti of the crime of book-making which is the acceptance of bets on a professional basis " * * * upon the result of any trial or contest of skill, speed or power of endurance of man or beast * * *." (Penal Law, § 986.) There is no proof in this record that on the days set forth in the indictment (a) any horse races were run, (b) the names mentioned in the conversations were the names of horses, (c) any such horses were entered or ran in races on such dates, (d) any baseball games were played on the dates designated, or (e) any boxing matches were staged on such dates or that the names heard in the conversations were the names of participants who engaged in such boxing matches.

As to (4): The tapped conversations were carried on in a jargon, which the People claim is the jargon of book-makers. At no time did the People qualify an expert to explain to the court and jury the meaning of the expressions used. In the course of the trial the Presiding Justice himself remarked that the jargon " is unfamiliar to me, although the words are our English language ". Despite this, the jury was given no explanation of the meaning of the expressions in question but was permitted to speculate as to their meaning.

The judgments should be reversed, the fines remitted and a new trial ordered.

CONWAY, Ch. J., DESMOND, FULD, FROESSEL, VAN VOORHIS and BURKE, JJ., concur; DYE, J., taking no part.

Judgments reversed, etc.