Benjamin Gassman, J.
The defendant is charged with a violation of section 986 of the Penal Law, involving book-making. He rested at the end of the People’s case and moved to dismiss the information on the ground that the People failed to establish defendant’s guilt beyond a reasonable doubt.
The People’s case depends in the main upon the testimony of a police officer who, pursuant to an order issued by a Justice of the Supreme Court, under section 813-a of the Code of Criminal Procedure, which authorized the tapping of a telephone of a person other than the defendant, listened in over such tapped telephone line to a number of conversations during a period of about two days, and then identified the defendant as possessing one of the voices he previously heard in one of the several conversations intercepted by him.
At the time the police officer heard the voices over the tapped telephone — both incoming and outgoing — he did not know any of the persons to whom those voices belonged. Nor did the officer, apparently, anticipate hearing the defendant’s voice, the call over defendant’s line having been intercepted in the course of the tapping of the line referred to in the court order. There was no testimony given to indicate that the officer ever knew the defendant or that he was interested in any of the defendant’s activities. He testified that he had never spoken to the defendant before he heard the voice which he later identified as that of the defendant.
While the officer was listening in on the unfamiliar voices, he was making notes and was attempting to record the substance of the several conversations intercepted over the tapped line. He testified that shortly after he overheard the conversation between the telephone used by the defendant and the tapped telephone, he obtained from the telephone company the location of defendant’s telephone and that he then proceeded to that location, where he spoke to the defendant in person. Before entering the apartment where he found the defendant, he claims to have listened in from the outside of the door; that he heard the ringing of a telephone bell inside the apartment and heard someone answer the call, and that the voice which answered the call was the same voice he heard over the intercepted call before. He then entered the apartment and spoke to the defendant briefly, and that from that brief conversation he was able to identify defendant’s voice as one of the voices he overheard in one of *361 the several telephone conversations. He then placed the defendant under arrest.
In view of the testimony of the officer, the matter overheard over the telephone was competent evidence, but the weight to be attached to it was entirely for the court’s determination. As was said in People v. Dunbar Contr. Co. (215 N. Y. 416, 422): “ A voice heard over the telephone may be compared with the voice of a speaker whom one meets for the first time thereafter as well as with the voice of a speaker whom one has known before. The difference affects the weight rather than the competency of the evidence ”. Without, in any way, impugning upon the police officer’s credibility, for he appeared to be sincere in his testimony, I must hold, however, as a matter of law, that his identification of one of the several voices he overheard under the circumstances described, as belonging to the defendant, falls far below the standard necessary to rebut the presumption of innocence and to prove the defendant guilty beyond a reasonable doubt. (People v. Abelson, 309 N. Y. 643, 649.)
The remaining evidence consists of five exhibits, which the police officer testified he found in defendant’s apartment. With the exception of one exhibit, consisting of two slips of paper, there was no evidence that the others were in the defendant’s handwriting, and they were therefore insufficient to establish the defendant’s guilt beyond a reasonable doubt. (People v. Smirti, 274 App. Div. 799.)
The evidence in this case was circumstantial, in the sense that the defendant was not seen in the act of actually taking bets. Although circumstantial evidence is not to be discredited because of its nature, it must, however, meet the test prescribed by law, that is, it must not only be inconsistent with innocence, but must exclude to a moral certainty every other reasonable hypothesis except that of defendant’s guilt. (People v. Eckert, 2 N Y 2d 126.)
Despite the fact that the officer listened in on the tapped telephone for over two days, there was only one telephone conversation overheard by him which involved the defendant’s line. To establish guilt beyond a reasonable doubt, the evidence must show an activity on the part of the defendant, which leads to the inescapable conclusion that the defendant is engaged in bookmaking activities. The evidence here falls short of establishing such activities beyond a reasonable doubt.
While it is true that the defendant’s actions were not free from suspicion and that he might well have engaged in bookmaking, suspicion cannot take the place of fact and cannot sustain a conviction. It is better that human justice should fail and *362 the guilty escape and be left to the infallible justice of God, than that an innocent person should be convicted on suspicion only or on evidence which falls short of proving his guilt beyond a reasonable doubt. (State v. Michael, 37 W. Va. 565, 569.)
The defendant’s motion is granted and the defendant is acquitted.