Archibald C. Wemple, J.
The indictment herein charged the defendant in two counts as follows: (1) book-making and (2) keeping a place for the purpose of recording or registering bets or wagers. After a jury trial e i June 13 and June 14,1960, defendant was found guilty on both counts. Motion was promptly made to set aside the verdict. This was denied.
Defendant’s counsel then moved in arrest of judgment on the second count contending that it failed to meet the requirements of section 275 of the Code of Criminal Procedure and was, therefore, fatally defective. Defendant’s counsel argued that the second count failed to allege possession of “paraphernalia, books, records, etc.,” and that this was a necessary element of the charge of keeping a place for the purpose of book-making.
The proof of the People on the trial indicated that the defendant accepted bets on horse races on December 15, 1959, December 16, 1959, December 17, 1959, December 18, 1959, December 19,1959 and December 21,1959. The bets were made by a police officer; no receipts were issued for the moneys wagered; but on one of the dates mentioned a marked five dollar bill was used in placing a bet and was later found in the possession of the defendant. There was no evidence of the use of any 1‘ tote board,” or of any writings except the reference by one police officer that there was smudged jottings on the white porcelain surface on the cash register.
The Court of Appeals in the case of People v. Carpenito decided May 25, 1944 (292 N. Y. 498) in a Per Curiam decision stated (pp. 499-500), “ The testimony varies with each case, and the probative force of circumstantial evidence depends upon the totality of the facts shown. Notation of bets by the accused may furnish convincing evidence of guilt, but a writing is not an essential element of the statutory misdemeanor. Where *237 there is no writing, other circumstances may be convincing evidence of guilt.” This decision clearly rules that a writing is not, per se, an essential to a book-making transaction.
In the case of People v. Busco (46 N. Y. S. 2d 859) New York City Magistrate Haddock wrote a comprehensive opinion covering the history, methods and modern trends of book-making. Here, the court held that a number of similar acts lessens the chance of error or coincidence and that such repetitive acts indicate a system of betting — a plan of action which taken as a whole, constitute a betting business in fact. On the question of written evidence, at page 868 Judge Haddock states, “It is worthy of note that the phrase ‘ with or without writing ’ has been used in two places in the section [Penal Law, § 986] that is with reference to engaging in bookmaking and making book. It is clear, therefore, that oral bookmaking is as much a violation of the statute as is written bookmaking. In view of the express mandate of the Legislature, in giving a new definition to the term 1 bookmaking, ’ many of the opinions rendered by our courts must now be disregarded.”
The cases quoted give us a guide in defining book-making in general. They point to the lack of importance of “ writings ” in the modern day gambling transaction. But we are still faced with the specific problem of whether to sustain in a charge of keeping a place for book-making it is necessary to allege the use of “ books, papers, apparatus or paraphernalia” in all cases. Section 986 of the Penal Law describes a variety of at least eight different actions or situations which are declared to be violations. In only one of these specifically outlined acts is there a reference to such “ books * * * or paraphernalia ”. It is quite obvious that the Legislature intended the wording-just quoted to modify or qualify the following disjunctive excerpt (also separated by use of commas) “ or who occupies any place, or stand of any kind, upon any public or private grounds within this state,” and no other provisions of the section.
Any other construction or interpretation would do violence with common sense. If book-making can be operated without the use of a writing, it follows that a person may “ keep a place for the recording or registering of bets or wagers ’ ’ without books, papers and other implements of the trade. Motion in arrest of judgment denied.