Lawrence H. Schultz, Jr., J.
On August 30, 1972, a New York State Police investigator laid an accusatory instrument before Acting City Court Judge, Joseph Mondo. This instrument, labeled an “ Information/Complaint ”, being a New York State Police form, was verified by Judge Mondo, pursuant to paragraph (a) of subdivision 1 of CPL 100.30. “Attached to and made a part thereof ’ ’ was a supporting deposition executed by another State Police investigator, sworn to before a notary public. A warrant of arrest was executed by Acting Judge Mondo, dated August 30, 1972, charging the defendant herein with promoting gambling in the second degree (Penal Law, § 225.05) and possession of gambling records in the second degree (Penal Law, § 225.15). Thereafter and on September 12, 1972, a motion to dismiss was submitted to this court by defendant’s attorney, and on September 18, 1972, oral argument was heard before this court.
The motion to dismiss was made pursuant to CPL 170.30, and paragraph (a) of subdivision 1 of CPL 170.35: that if the court considers the accusatory instrument to be a misdemeanor complaint, then it should be dismissed for the reason that the supporting deposition, submitted with the said accusatory instrument, is improperly verified, pursuant to subdivision 1 of CPL 100.30; and that should the court find that the accusatory instrument is an information, it is dismis sable on the same grounds, and in addition, pursuant to subdivision 1 of CPL 100.40, the information is insufficient upon its face. The defendant had been arraigned on August 31,1972; on September 8,1972 defendant first appeared with counsel, and was informed of his rights. The court was advised that if the accusatory instrument was found to be a misdemeanor complaint that no plea was made at this time; that if the accusatory instrument was found to be an information, the defendant entered a plea of “ Not Guilty. ’ ’ The *802 motions to dismiss, concerning the verification and the sufficiency, will he considered in that order.
Verification under subdivision 1 of CPL 100.30
The accusatory instrument in question, with the printed title “ Information/Complaint ” contains an accusatory part and a factual part, as prescribed by CPL 100.15. In the factual part is the following language: “ B. On information and belief and attached deposition of freeman r. shaw, Investigator, New York State Police, Batavia, New York, and attached to and made a part thereof.” (Emphasis supplied.)
As stated, a deposition does accompany the complaint, containing factual allegations of an accusatory nature, based upon personal knowledge of the deponent. The final paragraph of the deposition reads: “ I further depose and say that the above information contained in this deposition is true and the facts set forth are from my own knowledge, observation and investigation.”
The problem, and basis for the motion to dismiss, is that although properly .subscribed, the deposition is sworn to before a notary public. On the face of it, this neither conforms to the requirements of CPL 100.20, requiring a supporting deposition to be verified; nor does it conform to the manner of verification prescribed by CPL 100.30.
Section 148 of the Code of Criminal Procedure, which prior to September 1, 1971 set the requirements for verification, decreed that an information and supporting papers must be verified before a Magistrate. CPL 100.30 states that verification of an information, a misdemeanor complaint, a felony complaint and a supporting deposition may be before the court, or, having the deponent Bwear to it before his superior police officer, or, requiring that deponent swear to the instrument himself under the penalty of punishment for giving a false statement. In the Commission Staff Comment to this section, it is stated: “ Only the first of these methods — a swearing before the court — is permitted under present law. Relaxing the procedure to allow police officers and witnesses to have the verification performed in the station house, and in fact to authorize verification without actual oath, should be of immense aid in speeding up the criminal process and should save many hours of both police and private citizen time.” (Commission Staff Comment, 1970 Comment, CPL 100.30.)
It is well established that criminal statutes are to be strictly construed. It is further well established that the failure to properly verify an accusatory instrument is a jurisdictionally fatal *803 defect. The purpose, however, of CPL 100.30 was remedial, that is, to permit simpler methods of verification than under the former code provision.
The rationale behind the rule, prior to the adoption of the Criminal Procedure Law in 1970, whereby an information or other instrument for prosecution could be sworn to only before a Magistrate, appears to have been to afford a court opportunity to examine the complainant on a charge, to prevent, inter alia, hearsay becoming the basis for criminal prosecution.
In People v. James (4 N Y 2d 482, 486 [1958]) the Court of Appeals held: “It is in this context that reasonable guarantees against baseless prosecutions not predicated on probable cause must be considered, and it is in that light that we believe the requirement that an information be based on competent legal evidence be observed, or that the information be supported by depositions, or that at least the sources of information and grounds of the belief be stated. It would be manifestly unjust to charge persons with crime on pure unidentifiable hearsay.”
Under CPL 120.20, a Magistrate must still satisfy himself by inquiry that there is reasonable cause to believe that the defendant has commited a crime. But this need not be done by the local Criminal Court with all accusatory instruments. As hereinbefore stated, it is this court’s belief that the legislation was remedial and was enacted for the reasons stated in the Commission Staff Comment, supra.
There is the additional argument that the State Police investigator, deponent in the supporting deposition, could have utilized the procedure of affirming the truth of the content of the deposition under the penalty of section 210.45 of the Penal Law, as set forth in paragraph (d) of subdivision 1 of section 100.30, and that by mistake he had the supporting deposition sworn to before a notary public. An analogous situation is reported under the code provisions in People v. Goldberg (8 A D 2d 660, [3d Dept., 1959]) wherein a defendant was charged on an information, which there stated that it was upon “ Information and Belief, the source of said Information and Belief being the attached deposition ”. The attached deposition was executed and witnessed but did not bear a jurat or otherwise indicate that the deponent was examined under oath, as provided by section 148 of the Code of Criminal Procedure. It was held in the lower court that the information was fatally defective. However, a clerk of the police court, whose name appeared as one of the witnesses to the supposed deposition, testified that the deposition was, in fact, taken under oath and was sworn to and *804 completed; in addition to this, he had statutory authority (Second Class Cities Law) to take informations upon which warrants for arrest might be issued. The Appellate Division stated (p. 660): “In any event, the case seems to us within the minimal requirement laid down in People v. James (4 N Y 2d 482, 486) ‘ that at least the sources of information and grounds of the belief be stated. ’ Here there was not, as in James,‘ pure, unidentifiable hearsay ’ (p. 486) nor a written statement not referred to in the information (p. 484) but a witness’ explicit statement of facts uncontrovertibly identified by the information as ‘ attached ’ thereto. ’ ’
This particular situation appears to be novel under the CPL to the extent that there are, as of this date, no reported cases on this subject. It is not a practice to be condoned when the police officer making the deposition could have easily complied with the requirements of the statutes. However, the complainant police investigator, on the face of the accusatory instrument before this court, incorporated by reference the questioned supporting deposition. Furthermore, the deponent did state in writing that the information, therein, was true, and based on his own “knowledge, observation and investigation.” I do therefore find, that the particular situation presented herewith meets the requirement and the intent of the statute and that the motion to dismiss the misdemeanor complaint for failure to comply with CPL 100.30 is denied.
Sufficiency of accusatory instrument
As is hereinabove set forth, a document imprinted with the name “ New York State Police ” and bearing a title “ Information/Complaint ”, subscribed by a State Police investigator as the complainant, was laid before Acting Judge Mondo and verifid by him on August 30,1972. Pursuant to subdivision 2 of CPL 100.15 the accusatory part of this • instrument states that ‘ ‘ thomas minuto, the defendant in this action * * * on the 10th day of August, 1972, at the billiard room in the City of Batavia, County of Genesee, New York, at about 5:00 o’clock in the afternoon * * * did intentionally, knowingly, and unlawfully commit the misdemeanor of” possession of gambling records pursuant to section 225.15 of the Penal Law and promoting gambling (Penal Law, § 225.05) all contrary to the provisions of the Penal Law. The following is the factual part of the instrument: ‘ The facts on which this accusation is made are of my own knowledge and on information and belief as follows : A. The basis of my belief being the deposition of Freeman R. Shaw, attached hereto and made a part thereof, to wit: *805 that on August 10, 1972 at approximately 5:00 p.m., defendant while at The Billiard Room did accept an illeg’al wager on a horse named ‘ Anthony S. ’ in the amount of $10.00 to win, this horse scheduled to run at Vernon Downs on the evening of August 10,1972. B. On information and belief and attached deposition of Freeman R. Shaw, Investigator, New York State Police, Batavia, New York, and' attached to and make a part thereof. Wherefore I request that a warrant be issued for the arrest of the defendant./s/J. P. Wilcox, Complainant.”
The pertinent provisions of the supporting deposition are as follows: 1 further depose and say that on August 10, 1972, at approximately 5:00 p.m., while in the billiard room at 94 Main Street, Batavia, New York, I personally placed an illegal bet or wager with one thomas minuto of 41 William Street, Batavia New York. The said thomas minuto did accept from me a wager or bet on a harness or horse race to be run at the Vernon Downs Harness Race Track on the evening of August 10, 1972. The amount of my illegal bet or wager was made in the amount of $10.00 United States currency, on a horse named Anthony S.\ This race was scheduled to be run at Vernon Downs Harness Race Track within the State of New York on the evening of August 10,1972, and from my own knowledge, was conducted as scheduled. This illegal bet or wager made’in the amount of $10.00 was not made at or in a harness race track in the State of New York where legal parimutuel betting is conducted.” A subsequent and final paragraph of this supporting deposition is as follows: “I further depose and say that the above information contained in this deposition is true and the facts set forth are from my own knowledge, observation, investigation. /s/Freeman R. Shaw, Investigator.”
The essence of defendant’s motion to dismiss is the lack of compliance with subdivision 1 of GPL 170.65, in that if this document, as above set forth, is a misdemeanor complaint, that it must be replaced by an information and this has not been done. Additional motions are addressed to the dismissal of the instrument if it is in fact an information, and for insufficiency.
The form and content of an accusatory instrument are governed by GPL 100.15. While the definitions are set forth for the various types of accusatory instruments in GPL 100.10, the prerequisites for sufficiency of each type of accusatory instrument are in section 100.40. It is to this section that reference is now made.
An information must conform to GPL 100.15. The factual part of the information must ‘ ‘ provide reasonable cause to *806 believe that the defendant committed the offense charged ”, and nonhearsay allegations must “ establish, if true, every element of the offense charged and the defendant’s commission thereof.” (CPL 100.40, subd. 1, pars, [a], [b], [c].) For a misdemeanor complaint to be sufficient, there is not the requirement that every element of the offense charged be set forth by means of non-hearsay allegations. Both such documents may be accompanied by supporting depositions. Sufficiency for a misdemeanor complaint is not as stringent as that for an information.
It may be that the drafter of the accusatory instrument intended it to be an information, but the dictate of paragraph (c) of subdivision 1 of section 100.40 is lacking in that the elements of the offense charged are not present. The instrument can only be considered a misdemeanor complaint. The next question is whether it is sufficient on its face to be that.
As in the question of the verification of the supporting deposition, before this court, there are no reported cases in this area either. In order to uphold the document as a misdemeanor complaint, it must be determined if the allegations of the factual part of such accusatory instrument and/or any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of such instrument. ’ ’ (CPL 100.40, subd. 4, par. [a].) (Emphasis supplied.)
Reasonable cause is defined in subdivision 2 of CPL 70.10, regarding ‘ ‘ standards of proof; definitions of terms. ” It is therein stated the “ ‘ Reasonable cause to believe that a person has committed an offense ’ exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it.” The Commission Staff Comment to this subdivision states that ‘ evidence which is not ‘ legally sufficient ’ may well provide ‘ reasonable cause to believe that a person has committed an offense. ’ ” (Added by L. 1970, ch. 996, eff. Sept. 1,1971.) Where under the predecessor Code of Criminal Procedure, a Magistrate often had to determine if there was “ legally sufficient evidence ” in the accusatory instrument, the standard now is “reasonable cause.” In any event, reference has to be made to cases decided prior to the adoption of the CPL.
In People v. White (16 N Y 2d 270, 273 [1965]) Chief Judge Desmond discussed “reasonable ground ” for the basis of a Judge issuing a search warrant. This oft-cited portion of his *807 opinion is as follows: ‘ ‘ but we will remember that what we are talking about is not the proof beyond a reasonable doubt required for the conviction of a crime, but reasonable ground or probable cause for making a search, that is, observations or information sufficient to move a reasonable man to conclude that a crime is being committed or attempted.”
In People v. Harrison (58 Misc 2d 636 [Dist. Ct., Nassau County, 1968]) a case was presented to the court regarding sections 225.05 and 225.15 of- the Penal Law in which that court discussed the essentials of an adequate information. The court cited People v. James (4 N Y 2d 482, supra) regarding the twofold purpose of an information (under the Code of Criminal Procedure) which that court felt was “ (1) to apprise the defendant of the nature of the charge against him and (2) to satisfy the Magistrate that there is sufficient legal evidence to furnish resonable ground for believing that a crime has been committed by the defendant.” (p. 639). As that court stated, the disagreement comes when we consider the second purpose! [Cited, also, was People v. Jeffries, 19 N Y 2d 564, and People v. Boback, 23 N Y 2d 189.] The District Court then stated: “ We do not lack for authorities establishing what the law means by probable cause. At the least it means some evidence, some observations, some records or other evidence of a legal nature. There may be room for disagreement as to whether certain facts are sufficient, but there is no room for disagreement with the proposition that some facts or some legal evidence must be supplied.” (p. 639).
Subdivision 2 of CPL 70.10 establishes a broader rule: the wording of this definition requires ‘ ‘ facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it.” (Emphasis supplied.)
It would seem that the requirement in the definition, cited above, is not just a “ person of ordinary intelligence ” but it should apply to a person of “ judgment and experience ” and thereby include an attorney, or Judge, with knowledge of the eases and the law. The CPL, under the mandate of James, requires that a misdemeanor complaint shall be replaced, unless waived, by a legally sufficient information. (CPL 170.65, subd. 1.) Protection for the individual is still afforded from baseless prosecutions. (See People v. James, 4 N Y 2d 482, supra.)
The difference between “ reasonable grounds for believing that a crime is being committed ” and evidence sufficient for a *808 conviction is illustrated in Cimmino v. State of New York (29 A D 2d 587, [3d Dept., 1967]) where a defendant arrested on a gambling charge, and subsequently acquitted of the charge, brought an action for false imprisonment. (The Appellate Division reversed the Court of Claims’ award and dismissed the claim.)
Having considered the matter of “ reasonableness ”, under subdivision 2 of CPL 70.10, we must now consider what “ facts or circumstances ” which are “ collectively of such weight and persuasiveness ” that would “ convince a person of ordinary intelligence, judgment and experience ” that the facts as stated in the accusatory instrument, in this case are sufficient on their face to constitute a misdemeanor complaint.
At this point, it sliould be considered conclusively that the charge of possession of gambling records, under section 225.15 of the Penal Law is not worth considering. Nothing exists, in either the accusatory instrument or the deposition, to even suggest such a charge. The matter does remain to consider the accusation of promoting gambling in the second degree (Penal Law, § 225.05). Since the enactment of thiá' statute (L. 1965, ch. 1030, eff. Sept. 1, 1967), there are few, if any, reported cases on sufficiency of accusatory instruments under the CPL. However, reference can be had to cases decided and reported under the former Penal Law. At the outset, this court is admonished by the statement in People v. Smoke (38 Misc 2d 939, 940 [Sup. Ct., App. Term, 2d Dept., 1963]) which stated: “At the outset, it is well to keep in mind that criminal statutes should be construed narrowly so that acts, otherwise innocent and lawful, do not become crimes unless there is a clear and positive expression of legislative intent to make them criminal. (People v. Shakun, 25 N. Y. 107,113). This is especially true of statutes dealing with crimes in the class of mala prohibita (People v. Bort, 53 N. Y. S. 2d 345, 348), such as the one with which we are here concerned. (MacDonalds. United States, 335 U. S. 451, 459).”
People v. Busco (46 N. Y. S. 2d 859 [Ct. of Spec. Sessions, Bronx County, 1942]) involved a prosecution for bookmaking under section 986 of the former Penal Law, which section forbade bookmaking with or without writing and receiving and forwarding money bet or wagered; the defendant was fdtmd guilty. It is an extremely comprehensive case covering-the history, methods and modern trends of bookmaking. The court stated (p. 862): “In the usual transaction, there must be a bookmaker and a player. If the defendant in this case is a *809 player, then a conviction cannot be had against him. The decisions are in accord with the statement. The statute is aimed at the stakeholder, the bookmaker and the pool seller * * * the evident intention of the Legislature was to discourage and repress gaming in all its forms, including bets and every species of wager, contracts of hazard, as a great public mischief, calling for effective measures of prevention and remedy.”
The question arose in the Busco case whether a writing or a written memorandum need be employed by the bookmaker to be sufficient for the charge and the conviction. The following statement is made (p. 868): “ Under the old decisions, it was necessary that a writing be made. The term itself, [bookmaking] implies that some written memoranda be used. However, the Legislature, in order to cope with the clever devices and subterfuges employed, amended the section and gave a new meaning to the word bookmaking. It is worthy of note that in the phrase * with or without writing ’ has been used in two places in the section, that is with reference to engaging in bookmaking and making book. It is clear, therefore, that oral bookmaking is as much a violation of the statute as is written bookmaking, ” (Emphasis supplied.)
This case was cited with approval in People v. Goldberg (25 Misc 2d 236 [Schencetady County Ct., I960]) along with People v. Carpenito (292 N. Y. 498 [1944]) which latter case upheld the rule that writing was not an essential element of the misdemeanor complaint. The Goldberg case stated (p. 237) that “ if book-making can be operated without the use of a writing, it follows that a person may 1 keep a place for the recording or registering of bets or wagers ’ without books, papers or other implements of the trade ”.
See, also, People v. Abelson (309 N. Y. 643 [1956]) which dismissed a charge of bookmaking, under section 986 of the former Penal Law, where the People failed to prove the corpus delicti of the crime which is the acceptance of bets on a professional basis. The basis for the dismissal was that there was no proof in the record that on the day set forth in the charge that (1) any horse races were run, (2) the names mentioned in the conversations were the names of horses, and (3) any such horses were entered or run in races on that date.
All of the above information in the Abelson case appears in the accusatory instrument in the instant case. While there is no mention of a writing or memorandum of the transaction, this was not required in the former statute and does not appear to be required in section 225.05 of the present Penal Law. It *810 would appear, here, that defendant Minuto was engaged in some phase of bookmaking. I must therefore hold that under the. definition of “ reasonable cause ” set forth in subdivision 2 of CPL 70.10, and on the cases under the former sections of the Penal Law regarding bookmaking, that sufficient is set forth in the within accusatory instrument to establish a misdemeanor complaint. However, this misdemeanor complaint must be supplanted by a proper information in all forms and phases.
On the basis of the above, it is the decision of this court that the charge of possession of gambling records in the second degree (Penal Law, § 225.15) is dismissed. The supporting deposition is sufficient for purposes of the misdemeanor complaint on the charge under section 225.05 of the Penal Law. However, this misdemeanor complaint must be replaced by a legally sufficient information and a new arraignment must be held. I will further direct that a new supporting deposition, if necessary to supplement the information, must be submitted. I will further direct that the People have 10 days from the date of this decision to comply. On the failure of the People to comply within this time a motion to dismiss all charges against this defendant will be granted.