OPINION OF THE COURT
Martin Karopkin, J.
The defendant’s motion to dismiss the accusatory instrument filed against him as facially insufficient is hereby denied.
Following the Court of Appeals recent decisions in People v *107 Dumas (68 NY2d 729) and People v Alejandro (70 NY2d 133), there has been a significant rise in the number of challenges to the sufficiency of local criminal court accusatory instruments. Due to the confusion generated by the subsequent litigation, this court feels that a review of the analysis needed to determine legal sufficiency may prove helpful.
In the present case, the defendant is charged with Penal Law § 120.00, assault in the third degree; Penal Law § 120.15, menacing, and Penal Law § 265.01, criminal possession of a weapon in the fourth degree.
The factual portion of the instrument states, in pertinent part, that, "the deponent is informed by Geraldine Gore that at the (above) time and place, the defendant did display a handgun and did place her in fear of serious physical injury.” It goes on to say that the, "Deponent is further informed by the informant that the defendant did possess two handguns.” It also alleges that, "Deponent states that the two handguns were loaded.” It concludes by stating that, "Deponent is informed by James Anthony Gore that the defendant did strike the informant with a nightstick about the body and did punch the informant about the body causing the informant to sustain substantial pain about the body.” Supporting depositions by James Anthony Gore and Geraldine Gore have been filed in corroboration. There is also a ballistics report indicating that both handguns were operable but the ammunition from one of them was not.
The defense objects to the instrument on a number of grounds. They argue that the assault charge is defective because the element of physical injury is not made out. They contend that the charge of weapons possession is defective because it does not establish an intent to use the weapon unlawfully. They also submit that the allegation that a handgun was displayed is not enough to establish intentionally placing another person in fear of imminent serious physical injury.
In addressing such a motion the court must consider the relevant statutes as well as the aforecited leading cases. CPL 100.15 and 100.40 govern the sufficiency requirements of criminal court accusatory instruments. CPL 100.15 (3) requires that the instrument contain an accusatory part designating the offense(s) charged and a factual portion containing a statement of the complainant alleging facts, "of an evidentiary character supporting or tending to support the charges.” *108 Under CPL 100.40 (1) (b) and (4) (b) the factual allegations, along with any supporting depositions, must also provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part. CPL 100.40 further requires that to be an information, nonhearsay allegations must establish every element of the offense(s) charged. It should be noted that this latter prima facie case requirement of an information is distinct from the allegations of an evidentiary character required by CPL 100.15. (See, People v Alejandro, supra, at 139; People v Miles, 64 NY2d 731.) CPL 140.45 further qualifies that when an instrument based on a warrant-less arrest is not sufficient, "if the court is satisfied that on the basis of the available facts or evidence it would be impossible to draw and file an accusatory instrument which is sufficient”, it must be dismissed.
In contemplating the remedy for a defective instrument, there are other statutes to be considered as well. CPL 170.35 (1) (a) holds that, "an [insufficient] instrument or count may not be dismissed as defective, but must instead be amended, where the defect or irregularity is of a kind that may be cured”, if the People move to do so. Curable defects have been found to be variations of names, places, dates, etc., but not missing elements. (See, People v Hall, 48 NY2d 927; People v Case, 42 NY2d 98; People v Parris, 113 Misc 2d 1066.) CPL 100.45 (2) applies CPL 200.70 to the amendment of prosecutors’ informations, while CPL 100.45 (3) allows the addition of charges to the accusatory part of an information which are already supported by the allegations of the factual part. CPL 100.50 (1) allows the District Attorney, without motion, to supersede an information with a newly drafted information, which can charge the same o offenses, thus dismissing the earlier counts upon rearraignment while retaining any earlier charges not contained in the new instrument. CPL 100.50 (2) permits the District Attorney to file a superseding prosecutor’s information which also adds charges supported by the factual part of the original information. CPL 170.65 (2) indicates that an information which replaces a misdemeanor complaint, "need not charge the same offense or offenses, but at least one count thereof must charge the commission * * * of an offense based upon conduct which was the subject of the misdemeanor complaint.” It can also, subject to the rules of joinder, "charge any other offense which the factual allegations thereof or of any supporting depositions accompanying it are legally sufficient to support, even though such conduct is not based upon *109 conduct which was the subject of the misdemeanor complaint.” In effect, an information which replaces a misdemeanor complaint can add entirely new charges and new facts to support them. CPL 170.65 (1) provides that a misdemeanor complaint must (unless there is a waiver) be replaced by an information and the defendant newly arraigned thereon. It also provides that such complaint may be supplemented by a supporting deposition and if the instrument and deposition^) taken together satisfy the requirements of an information, the complaint is deemed converted. (See, People v Boyer, 105 Misc 2d 877, 884, revd 116 Misc 2d 931, revd 58 NY2d 122; People v Minuto, 71 Misc 2d 800.) This subdivision indicates that facts may be added in a supporting deposition which can then satisfy the prima facie case requirement of an information.
To summarize, when dealing with sufficiency, the criminal court must examine three factors: the type of instrument, the nature of the defect and the remedies available. It should be noted that an instrument reaches an appellate court for review in a final form, but the lower court when evaluating insufficiency must also consider whether amendment, super-session, replacement or supplementation and conversion is still possible. As stated in Dumas (supra, at 731), if the People had provided additional facts in a supporting deposition, the instrument could have been saved.
A further caveat on this issue is in order. The time constraints of CPL 30.30 need also be applied in limiting the period available for correction or conversion. The People must have a prima facie case ready within the statutory requirements or they will fail on speedy trial grounds.
Turning back to the defendant’s first argument, he avers that the assault charge is defective because it does not establish physical injury. Intent, of course, may be shown by the alleged conduct and circumstance. (See, People v Rutledge, NYLJ, Mar. 2, 1981, at 14, col 3; Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, art 120, at 442.) Physical injury as defined in Penal Law § 10.00 (9) means impairment of physical condition or substantial pain. While the instrument does not allude to impairment, it does allege substantial pain was caused by the defendant’s punching and striking the informant about the body with a nightstick. These facts are sufficient to support the element of physical injury in an information. The matter then becomes a question for the trier of fact. It is necessary here to distinguish between the standard of proof required for conviction and the factual *110 allegations required to establish a prima facie case. (See, People v Bouyea, 142 AD2d 757.) The defense also suggests that the words "substantial pain” are conclusory in nature. The instrument, however, does not merely state that the defendant caused the informant substantial pain without saying more, rather it recites facts of an evidentiary character as well. In People v Morehouse (NYLJ, Sept. 19, 1988, at 20, col 2), the court found scratching and hair pulling failed to meet the legal threshold. This was in keeping with the criteria in Matter of Phillip A. (49 NY2d 198), which case involved the standard of proof at trial. Here, the defendant punched and struck the informant about the body with a nightstick and this court finds the factual allegations legally sufficient to establish the charge of assault in the third degree.
The defendant next contends that the charge of criminal possession of a weapon is deficient because the allegation of possession is conclusory and because the element of intent is not established. With respect to the latter, Penal Law § 265.01 (1) does not contain an element of intent. Further, Penal Law § 265.15 infers unlawful intent, where it is necessary, through possession. As to the character of the word "possess”, the mere use of a questionable term in an instrument does not automatically render it fatally conclusory. There are other facts provided here to support that possession. The informant alleges that the defendant displayed a handgun as well as possessed two of them. The police officer deponent states that the two handguns were loaded (which indicates that these firearms were recovered). This is not the sort of factual vacuum presented in Dumas (supra). There the Court of Appeals did not take issue with the term sold, but rather the lack of any basis for the officer’s conclusion that the substance was marihuana, which was already a subject of dispute. (See, People v Kenny, 30 NY2d 154; People v McRay, 51 NY2d 594; People v Ranieri, 127 Misc 2d 132; People v Blow, 127 Misc 2d 1054; People v McMillan, 125 Misc 2d 177.) Here the instrument contains facts of an evidentiary character tending to support the charge. There is also reasonable cause as defined in CPL 70.10 (2) and, finally, the factual allegations support the elements of the charge. It is useful to understand there are distinctions among these requirements. (See, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 70.10, at 705; People v Minuto, supra, at 806.) In *111 another case, People v Martes (140 Misc 2d 1034), the court held that the term "in possession” was conclusory and lacked evidentiary character. CPL 200.50 (7) distinguishes between facts which support the elements of the offense charged and allegations of an "evidentiary nature”. In his commentary to this section, Judge Bellacosa notes that adversaries may quibble over what is evidentiary and what is not. CPL 200.50 (7) dispenses with allegations of an evidentiary nature, while at the same time (7) (a) requires facts supporting every element of the offense(s) charged. Rather than argue over what is factual as opposed to what is evidentiary, this court finds that the nonhearsay allegation of possession meets the statutory threshold. Contrary to defense assertions, the statutes reviewed do not read that facts of an evidentiary character must support each and every element of the offense charged. Whether the allegation also supports an inference of knowing possession is not a problem here. See our decision in People v James (138 Misc 2d 920).
The defendant’s remaining objection is that the allegation that a handgun was "displayed” is not sufficient to establish the charge of menacing. In this case the defendant is alleged to not only have displayed a loaded handgun, but also to have punched and struck one informant about the body with a nightstick. Penal Law § 120.15 states that, "[a] person is guilty of menacing when, by physical menace, he intentionally places or attempts to place another person in fear of imminent serious physical injury.” As noted earlier, the element of intent may be made out by the conduct and circumstances. (See also, Penal Law § 15.05 [1]; People v Agron, 10 NY2d 130.) The other elements are also sufficiently supported by the cited conduct and circumstances. This is far different from the situation in Alejandro (supra), in which there was no underlying crime alleged to provide a basis for charging the defendant with resisting arrest. Like the issue in Dumas (supra), the problem presented was not novel to the court. (See, People v Peacock, 68 NY2d 675; People v Harewood, 63 AD2d 876.) As pointed out in People v Rivera (NYLJ, Mar. 13, 1989, at 26, col 5), an accusatory instrument is not intended to supply all the detail which can otherwise be requested in a bill of particulars.
For all of the foregoing reasons, this court holds that the challenged accusatory instrument satisfies the sufficiency requirements of a complaint and, together with the corrobora *112 tion and ballistics report provided, may also be deemed sufficient as an information.
Accordingly, the defendant’s motion to dismiss the instrument as defective pursuant to CPL 170.30 and 170.35 must be denied and the case is continued for trial.