OPINION OF THE COURT
Joel M. Goldberg, J.
The defendant, a homeowner charged with a misdemeanor *931 pursuant to section 18-129 of the Administrative Code of the City of New York for removing a tree limb from a tree standing between the curb and sidewalk in front of his home, has moved to dismiss the charge on several grounds. The defendant lives on Royal Oak Road across the street from Clove Lakes Park. He was standing on a ladder, armed with a chain saw, when he was caught in the act by an Environmental Patrol Officer employed by the New York City Department of Parks and Recreation (Parks Department).
Violation of Administrative Code of the City of New York § 18-129 (a) is a misdemeanor punishable by imprisonment of up to 90 days and a fine of up to $1,000. In pertinent part, Administrative Code § 18-129 (a) requires a permit from the Parks Department: "to cut, remove or in any way destroy or cause to be destroyed, any tree or other form of vegetation on public property under the jurisdiction of the commissioner [of the Parks Department]” (emphasis added).
In pertinent part, the purported information states that the "defendant did cut a tree under the jurisdiction of the [Parks Department] without obtaining a permit.” A supporting deposition by the Parks Department Director of Landscape Management for Staten Island asserts that the Parks Department has jurisdiction over this tree, because Royal Oak Road at this location is a "park street,” which according to Parks Department rule 1 (d), "means the full width of all streets abutting any park.”
The Parks Department contends that the "full width” of Royal Oak Road includes the curb and sidewalk across the street from Clove Lakes Park. This contention is based on the assertion that in 1950, when Royal Oak Road was still a dirt road, it was found in an opinion by the New York City Corporation Counsel to have been dedicated by the abutting landowners as a public street at a width that would include the tree in question. Royal Oak Road has since been paved. Curbs and sidewalks lined with trees cover the former dirt road. But since the tree in question lies over what used to be the bed of the dirt road, the Parks Department maintains that the tree is nevertheless on a "park street” and subject to its jurisdiction.
The defendant first moves to dismiss because the information fails to allege that the tree is on "public property.” The defendant contends this omission renders the information defective within the meaning of CPL 170.35, because cutting a *932 tree "on public property” is an essential element of the offense charged.
The Parks Department answers without citation to any authority that the words "public property” are unnecessary inasmuch as any property under the jurisdiction of the Parks Department is "public property.”
This court disagrees. If the words "public property” were unnecessary, they would not have been made part of the statute. It is a basic rule of statutory construction to interpret a statute so as to give meaning to all its words. (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 98, 231, at 220, 388.)
Therefore, the words "public property” constitute an essential element of the offense charged and the failure to allege that the tree was on "public property” renders the information defective. (People v Tarka, 75 NY2d 996 [1990]; People v Alejandro, 70 NY2d 133, 135-136 [1987].)
This does not end the matter because this defect is curable. Contrary to the defendant’s position, the tree appears to be in fact on "public property” by virtue of its location between the curb and the sidewalk on a street dedicated to public use. The defendant may have fee title to both the land and the tree, but the tree lies in an area open to and freely traveled on by the public. The tree, therefore, is on "public property” within the meaning of the statute. The Parks Department could cure this defect by filing an additional deposition alleging that the tree is on "public property.” (People v Gore, 143 Misc 2d 106 [Crim Ct, Kings County 1989].)
Although the tree may be on "public property,” there is a significant question as to whether it is under the jurisdiction of the Parks Department. A statute not cited by the parties apparently takes the tree out of the jurisdiction of the Parks Department. Administrative Code § 18-105 states, in pertinent part: "All trees in streets, which on investigation are found to be without ownership, shall be under the exclusive care and cultivation of the commissioner [of the Parks Department] * * * Trees found to be in the care of individual owners, corporations, societies, or associations, shall not be subject to the jurisdiction of the commissioner, unless the owners thereof make written application to the commissioner to have such trees transferred to his or her care.” (Emphasis added.)
The above statute seems to control the status of the defendant’s tree. Notwithstanding that it may be on a "park street,” the tree, if under the care of its owner, is not under *933 the jurisdiction of the Parks Department. The defendant has asserted by affidavit in support of his motion to dismiss that the Parks Department has not done anything with regard to the tree during the 12 years he has lived in his house on Royal Oak Road and that he has never asked the Parks Department to care for the tree.
An information is defective and subject to dismissal where it does not contain facts providing reasonable cause to believe the defendant committed the offense charged. (CPL 100.40 [1] [b]; People v Dumas, 68 NY2d 729 [1986].) Here, in light of Administrative Code § 18-105, the information fails to provide reasonable cause to believe that the tree is under the jurisdiction of the Parks Department. For this reason, it should be, and is, dismissed.
Assuming arguendo that the Parks Department may assert that its jurisdiction over the tree is a question of fact to be resolved at trial, further comment is warranted. The Parks Department concedes that but for the 1950 dedication of Royal Oak Road at its then-existing width, the currently existing street width would control and the defendant’s tree would not be within the "full width” of Royal Oak Road as a "park street.” In order to establish that the tree lies on a "park street” within the former boundaries of Royal Oak Road, the Parks Department has submitted, as exhibits, a copy of the 1950 opinion of the Corporation Counsel on file in the Topographical Bureau of the Borough President of Staten Island and copies of an official tax map and survey on file in the Department of Buildings.
Thus, according to the Parks Department, the "full width” of Royal Oak Road as a "park street” is not ascertainable from mere observation. Instead, study of various historical documents, maps, and surveys is necessary. In contrast, to determine the width of Royal Oak Road as a "street” as that term is used in the Vehicle and Traffic Law, one need only observe "[t]he entire width between the boundary lines * * * open to the use of the public for purposes of vehicular travel.” (See, Vehicle and Traffic Law § 148.)
Due process requires a criminal statute to be sufficiently definite to give a person of ordinary intelligence fair notice that certain conduct is forbidden by the statute and to provide explicit standards for those who apply them so as to avoid resolution on an ad hoc and subjective basis with the attendant dangers of arbitrary and discriminatory application. *934 (People v Smith, 44 NY2d 613, 618 [1978].) These principles are violated by the Parks Department’s application of Administrative Code § 18-129 (a) to the facts of this case.
Fair notice is not given to a person of ordinary intelligence that the trees on Royal Oak Road between the sidewalk and curb across the street from Clove Lakes Park lie on a "park street.” To argue that these trees are on a "park street,” one must ignore the existing physical boundaries and study documents that are not readily available or understandable to a lay person.
Further, application of the definition of "park street” as defined in the Parks Department rules to conduct committed on the sidewalk opposite a park goes beyond the scope of "park street” as that term is used in the Parks Department rules themselves, which use the term "street” in the sense contained in Vehicle and Trafile Law § 148. Where conduct on a "park street” is prohibited in the Parks Department rules, no mention is made of the sidewalks on the abutting streets. (See, Parks Department rule 25 [b] [prohibition of public meetings of more than 20 persons without a permit].) On the other hand, when conduct is intended to be prohibited on the abutting sidewalks, language including "the public sidewalks of such abutting streets” is added. (See, Parks Department rule 24 [prohibition of panhandling]; rule 26 [regulation of vendors].)
Therefore, the Parks Department rules themselves appear to exclude the abutting sidewalks when the term "park street” alone is used. Thus, the Parks Department rules cannot be fairly read so as to argue that the term "park street” embraces the sidewalk across the street from a park. To argue otherwise is clearly ad hoc and arbitrary and would violate due process.
For the foregoing reasons, the information herein is hereby dismissed.