OPINION OF THE COURT
Joel M. Goldberg, J.
The issue is whether an information is facially sufficient where the factual part only alleges that the defendant was observed "in possession of a quantity of crack/cocaine” without also stating how the defendant possessed it.
For the reasons stated herein, this court finds that there is an absence of factual allegations of an evidentiary character sufficient to provide reasonable cause to believe the defendant *1035 committed the crime charged. Therefore, the defendant’s motion to dismiss for facial insufficiency is granted.
FACTS
The defendant was originally charged in a felony complaint with criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). In pertinent part, it alleged that the defendant "knowingly and unlawfully possesses [sic] a narcotic drug with intent to sell it” in that "the deponent [a police officer] observed the defendant in possession of a quantity of crack/cocaine”. No further details were given in either the complaint or in a subsequent supporting deposition to indicate either how the defendant "possessed” this substance or how he intended to sell it.
In contrast, the complaint also contained ample factual statements supporting the officer’s conclusion that the substance possessed by the defendant was crack/cocaine. The officer’s conclusion, as phrased in the usual boilerplate language used in complaints, was based on: (1) his "professional training as a police officer in the identification of crack/cocaine and cocaine”; (2) his having "previously made arrests for the criminal possession of crack/cocaine and cocaine”; and (3) his "professional training and experience as a police officer” which made him "familiar with the common methods of packaging crack/cocaine[,] and the vials and tinfoils used to package the substance in this case is a commonly used method of packaging such substance.”
Following the defendant’s arraignment, the felony charge of possession with intent to sell was reduced to the misdemeanor of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03; see, CPL 180.50). Apparently, the issue of facial sufficiency was not raised at that time.
Subsequently, the People filed a laboratory analysis report showing 15 vials containing a total of 16 grains of cocaine. This converted the complaint to an information. (See, People v Harvin, 126 Misc 2d 775 [Crim Ct, Bronx County 1984].)
The defendant thereafter filed this motion to dismiss for facial insufficiency pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a).
THE STATUTES
To be facially sufficient an information or misdemeanor *1036 complaint (as well as a felony complaint) must "provide reasonable cause to believe that the defendant committed the offense charged”. (CPL 100.40 [1] [b]; [4] [b].)
As defined in CPL 70.10 (2): " 'Reasonable cause to believe that a person has committed an offense’ exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it. Except as otherwise provided in this chapter, such apparently reliable evidence may include or consist of hearsay.” (Emphasis added.)
If no "facts or circumstances” are alleged in an accusatory instrument, it is impossible to make a "reasonable cause” determination in accordance with the statute.
An additional requirement for facial sufficiency is that the information or misdemeanor complaint (as well as a felony complaint) substantially conforms to the requirements prescribed in CPL 100.15. (CPL 100.40 [1] [a]; [4] [a].)
Turning to CPL 100.15, there is again a requirement that facts be alleged. The factual allegations must be "of an evidentiary character supporting or tending to support the charges” and may be "either upon personal knowledge of the complainant or upon information and belief.” (CPL 100.15 [3].)
These factual allegations must be verified. (CPL 100.15 [1]; see, CPL 100.30, for the acceptable modes of verification.)
It is the People’s contention that their statutory burden is satisfied because the police officer signed a verified complaint asserting he personally observed the defendant "possess” crack/cocaine.
However, "possession” as defined by the Penal Law has two distinct meanings encompassing a variety of factual scenarios:
"Possess” means to have physical possession or otherwise to exercise dominion or control over tangible property. (Penal Law § 10.00 [8].) Thus, a bare allegation of "possession” does not provide even a vague picture of what the defendant did. Unless facts are alleged, the legal basis establishing "possession” cannot be determined.
A defendant may "possess” contraband if it is in his actual physical possession or if it is within his dominion and control and available for unlawful use if desired. (See, e.g., People v Robertson, 48 NY2d 993 [1980].) Where a defendant is alleged *1037 to be holding the contraband, a finding of "possession” can readily be made. But where a defendant is not observed to be in actual physical possession, a finding of "constructive possession” must depend on an analysis of the surrounding facts and circumstances. Similarly, where defendants are jointly charged with possession the facts are critical, since it is unlikely that all defendants were simultaneously holding the contraband.
Further, with respect to cocaine, an inference of possession may, as a matter of law, arise from its presence together with the defendant or defendants in an automobile or in a room. (See, Penal Law § 220.25 [1], [2]; People v Leyva, 38 NY2d 160 [1975].) When the charge of possession is based on this theory, the facts supporting the statutory inference must be alleged.
Upon analysis it appears that a bare allegation that a defendant "possessed” cocaine is not an allegation "of an evidentiary character”, as required by CPL 100.15 (3). It is, instead, the ultimate conclusion that the People wish the court to reach. To illustrate: if a witness testified that a defendant was observed "in possession” of cocaine, it would be objectionable since it would be a conclusory assertion. (See, Richardson, Evidence § 361, at 326 [Prince 10th ed 1973]; People v Grutz, 212 NY 72, 83 [1914].) The witness properly should be directed to recite observations — that is, facts of an evidentiary character supporting the conclusion that the defendant was in possession.
A finding of "reasonable cause to believe” that the defendant "possessed” cocaine cannot be made upon a bare allegation that the defendant "possessed” cocaine, just as a finding of "assault” cannot be made only upon an allegation that the defendant "assaulted” the complainant. Such findings properly may be made only after an examination of the "facts or circumstances” of the case. (CPL 70.10 [2].) Merely stating the ultimate conclusion as a "fact” does not provide reasonable cause to believe that facts exist to support the conclusion.
In contrast, a bare allegation of "possession” is appropriate for use in an indictment, because indictments are prohibited from containing allegations of an evidentiary nature. (See, CPL 200.50 [7]; People v Di Noia, 105 AD2d 799, 800 [2d Dept 1984], lv denied 64 NY2d 759 [1984].)
Since evidentiary allegations are prohibited in indictments and required in informations and complaints, the same lan *1038 guage cannot satisfy both CPL 200.50 (7) and 100.15 (3). If a bare allegation of "possession” is sufficiently "nonevidentiary” to be used in an indictment, it cannot also be sufficiently "evidentiary” to satisfy CPL 100.15 (3).
Finally, CPL 100.40 (1) (c) requires an information to contain facts establishing every element of the offense charged. Thus, there must be facts to show that the defendant’s possession was "knowing” and "unlawful”. (Penal Law § 220.03.)
An information, under ordinary circumstances, need not allege facts to show that a defendant’s possession of cocaine is "unlawful”. (See, Penal Law § 220.00 [2]; Public Health Law § 3396 [1].) However, there must be some factual allegation to indicate that the defendant “knowingly” possessed cocaine. "Knowingly” is defined in Penal Law § 15.05 (2) as follows: "A person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exist.”
Due to its nature as contraband, facts showing "possession” of narcotics will usually suffice to establish that such possession was "knowing”. (See, e.g., People v Reisman, 29 NY2d 278 [1971], cert denied 405 US 1041 [1972].) The required factual allegations to support this element may be minimal. (See, People v Miles, 64 NY2d 731 [1984].) Nevertheless, there may be circumstances where a defendant has narcotics under his apparent custody and control but is not in "knowing” possession, either because the amount is extremely small or the narcotics are actually out of the defendant’s sight. (People v Pippin, 16 AD2d 635 [1st Dept 1962]; People v Camacho, 47 AD2d 527 [2d Dept 1975].) Thus, where the court is presented with a factual vacuum, with regard to the element of "possession”, the element of "knowing” cannot be established.
DISCUSSION
A complaint or information must contain evidentiary facts showing the basis for conclusory statements. (People v Dumas, 68 NY2d 729, 731 [1986].) In fact, the Dumas holding is the basis for the use of the boilerplate language in the complaint in support of the arresting officer’s conclusion that the substance in this case was cocaine. The Dumas rationale likewise requires factual allegations to support the conclusory assertion that the defendant "knowingly possessed” cocaine.
As noted above, unlike an indictment, the evidentiary basis *1039 for the charges must be stated on the face of an information or a complaint. (Compare, CPL 200.50 [7], with CPL 100.15 [3].) More detail is required for an information or complaint, because these accusatory instruments serve purposes beyond the function of an indictment.
Both types of accusatory instruments must sufficiently provide the defendant with fair warning of the offense charged to enable preparation for trial as well as state the offense charged with sufficient particularity to prevent multiple prosecutions for the same offense. (See, People v Iannone, 45 NY2d 589, 594-595 [1978]; People v Harvin, 126 Misc 2d 775, 777, supra.) However, an information or complaint must also contain evidentiary facts, because, unlike an indictment, an information or complaint has no underlying Grand Jury minutes that can be inspected by the court to insure that the charges are adequately supported by evidentiary facts. (See, CPL 210.30; People v Alejandro, 70 NY2d 133, 138-139 [1987]; People v Harvin, supra, at 777; Gerstein v Pugh, 420 US 103, 117, n 19 [1974].)
An information or complaint serves as the basis for the court to determine if the defendant should be held to answer the charges. To hold a defendant, the court at arraignment must rely on the facts stated in the information or complaint to make a "probable cause” determination within the meaning of the Fourth Amendment. (Williams v Ward, 845 F2d 374, 387 [2d Cir 1988].) Thus, holding a defendant to answer charges on an accusatory instrument that does not on its face establish probable cause, involves a violation of constitutional magnitude, as well as statutory rights. (Gerstein v Pugh, supra, at 114,123-125.)
Further, an information or complaint if facially sufficient may be used to obtain an arrest warrant. (CPL 120.20 [1].) Thus, the requirement for factual allegations of an evidentiary character establishing reasonable cause should also be assessed in light of traditional standards for determining the sufficiency of affidavits in support of warrants. (People v Dumas, supra, at 731.) In this regard, the Court of Appeals as a matter of State constitutional law has adhered to a stringent standard requiring that the affidavit state the factual basis for an informant’s assertions. (People v Griminger, 71 NY2d 635, 639 [1988].)
*1040 The law places on the drafter of the charge the burden of persuading the court that there is a legally sufficient basis to hold the defendant. Where the charge is possession of cocaine, this burden cannot be met by simply alleging that the defendant was "in possession of cocaine”.
For the foregoing reasons, the motion to dismiss is granted.