■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered April 28, 1987, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction of criminal possession of a controlled substance in the third and fourth degrees arose out of a so-called "buy and bust" operation conducted by the police on July 16, 1986, at 322 Bergen Street in Brooklyn. The undercover officer purchased two vials of cocaine by passing $20 in marked bills through a slot in a steel door located on the first floor of the building. He then left without seeing the seller. Several minutes later the backup team arrived and battered down the steel door. While the police pounded on the door, they heard a "lot of scuffling and scrambling" coming from inside the apartment. Upon entering the apartment, the police observed the defendant standing next to a table which contained numerous vials of cocaine in plain view, along with $53 in currency. Several other vials of cocaine were scattered on the floor near the table. The whole first floor, which was

otherwise uninhabited, was one interconnected space, due to the existence of large holes in the walls. The codefendant was found hiding in a bathtub in another part of the first floor, crouched over a bag containing approximately 100 vials of cocaine.

Under the circumstances and viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish that the defendant exercised dominion and control over the area where all of the drugs were seized (see, People v Tirado, 38 NY2d 955; People v Daniels, 37 NY2d 624; People v Lopez, 112 AD2d 739; People v Washington, 143 AD2d 212). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Mangano, J. P., Brown, Kooper and Harwood, JJ., concur.