OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
On January 5, 1984, acting at the behest of defendant’s wife, the police searched defendant’s apartment and the persons present, including defendant and his codefendant Roberto Torres. Although the police confiscated a small amount of marihuana, their search for approximately 20 ounces of cocaine proved fruitless and no arrests were made. Approximately three hours later, defendant brought Torres to the apartment of defendant’s acquaintance Felicia Mortuiccio. Mortuiccio did not know Torres, had not invited either defendant or Torres to her apartment and did not expect the visit. Upon arriving with the defendant, Torres placed a blue bag on the coffee table in the living room and minutes later, Mortuiccio observed a white powdery substance under some plastic inside the bag. Mortuiccio then called defendant’s wife, Carmen Tejeda, for an explanation. Carmen Tejeda advised Mortuiccio to leave the apartment and go to the Tejeda residence, which Mortuiccio did. While at the Tejeda residence, Carmen Tejeda told Mortuiccio that the white substance was cocaine and the police were called.
*960 After talking with Mortuiccio and Carmen Tejeda, the police obtained Mortuiccio’s written consent to search her apartment. When the police entered the Mortuiccio apartment, they observed defendant and Torres walking toward the living room door, a small residue of cocaine on a dish on a coffee table in the living room and grains of rice on the living room floor. Additionally, the search of the apartment revealed a plastic bag containing over one-half ounce of cocaine in a closed end table drawer and approximately 10 ounces of cocaine hidden in a bag of rice in the kitchen refrigerator. Mortuiccio testified that prior to the arrival of defendant and Torres, there was no dish on the table, no rice on the floor and no cocaine in the apartment.
Viewing this evidence in the light most favorable to the People and giving the People the benefit of every reasonable inference to be drawn therefrom (People v Way, 59 NY2d 361, 365; People v Benzinger, 36 NY2d 29, 32), we conclude that the evidence is legally sufficient to support defendant’s conviction for criminal possession of a controlled substance in the third degree (Penal Law §220.16 [12]). After he and Torres had been searched for suspected narcotics possession at his apartment, defendant brought Torres, who was then carrying a white powdery substance, later identified as cocaine, to the controlled environment of Mortuiccio’s apartment and was discovered there in the presence of a small amount of cocaine on the living room coffee table under circumstances evincing an intent to prepare the narcotic for sale (Penal Law § 220.25). In these circumstances, defendant’s knowing possession of the cocaine discovered in the living room end table is sufficiently established.
Further, we agree with the Appellate Division that although the reading of Mortuiccio’s Grand Jury testimony by the prosecutor was not necessary to rebut any evidence introduced by the defense and therefore constituted improper bolstering (see, People v Torres, 134 AD2d 902), this error is harmless (People v Crimmins, 36 NY2d 230).
Defendant’s remaining contentions are either unpreserved or without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.