◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE PEARSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered June 26, 1986, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The record establishes that the defendant constructively possessed the drugs found in the purported

grocery store. The arresting officer observed the defendant exiting the room containing the drugs immediately after the officer announced his presence. Moreover, the store contained little or no merchandise on the shelves. Notably, none of the rooms in the store had doors and the contraband was in plain view. This evidence provides a sufficient basis from which the jury could conclude that the defendant possessed the drugs in question *(see, People v Daniels,* 37 NY2d 624; *People v Davis,* 144 AD2d 689). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Any deficiencies with respect to the chain of custody of the drugs found on defendant's person were properly resolved by the jury *(see, People v Donovan,* 141 AD2d 835).

The hearing court's decision to deny the defendant's motion to suppress the evidence found in the purported grocery store, on the ground that the defendant lacked standing to contest the seizure, was proper *(see, People v Wesley,* 73 NY2d 351; *People v Ponder,* 54 NY2d 160).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Lawrence, J. P., Kunzeman, Rubin and Kooper, JJ., concur.