OPINION OF THE COURT
Memorandum.
Judgment of conviction affirmed.
The defendant was convicted of criminal possession of a controlled substance in the seventh degree upon testimony by *595 a police officer that he was seen holding glossine envelopes in his hand, which envelopes he threw to the ground upon the officer’s approach. The officer retrieved the envelopes and a subsequent laboratory test determined that they contained heroin.
Defendant urges upon appeal that the information is jurisdictionally defective for failing to contain evidentiary allegations detailing the manner in which the defendant possessed the controlled substance.
The factual part of the information set forth, insofar as pertinent, the following: "At the above time and place, the deponent observed the defendant sell a quantity of heroin to an apprehended other [sic] for a sum of U.S. currency. Deponent states that deponent observed defendant in possession of a quantity of heroin. Deponent states that deponent has previously made arrests for the criminal possession of heroin; has previously seized heroin which was determined to be such a chemical analysis by the police office department laboratory, and the substance in this case possesses the same physical characteristics as such previously chemically identified substance; by professional training and experience as a police officer, is familiar with the common methods of packaging heroin and the glossines used to package the substance in this case is a commonly used method of packaging such substance; knows the location of the criminal transaction in this case as an area frequented by drug traffickers.”
The defendant, relying upon People v Martes (140 Misc 2d 1034), maintains that the mere allegation that defendant was seen "in possession” of heroin is conclusory rather than evidentiary and that therefore the information is jurisdiction-ally defective.
At the outset, we note our disagreement with the analysis of the Martes court insofar as it found the question before it to be governed by People v Alejandro (70 NY2d 133). In Alejandro, the defendant had been charged with resisting arrest, an essential element of which is that the arrest be legal (Penal Law § 205.30). The instrument before the court, however, contained no factual averments at all dealing with the arrest, confining itself instead to details of defendant’s resistance. It therefore failed to comply with the provisions of CPL 100.15 (3) and 100.40 (1) insofar as they require factual allegations *596 establishing a prima facie case. The situation here is quite otherwise. The accusatory instrument before us does contain factual allegations establishing all the elements of criminal possession of a controlled substance in the seventh degree. The deficiency claimed by the defendant here is that those factual allegations are conclusory rather than evidentiary in nature. The thrust of his argument therefore is directed at the requirements of the first sentence of CPL 100.15 (3). This is the very ground upon which the Court of Appeals in People v Alejandro (supra) distinguished its prior case of People v Miles (64 NY2d 731). In People v Miles, the defendant challenged as jurisdictionally defective a misdemeanor information charging him with issuing a bad check (Penal Law § 190.05), arguing that the instrument failed to allege facts of an evidentiary character tending to support the element that he did so knowingly with the belief or intention that payment would be refused. In upholding the accusatory instrument the court stated: "Contrary to defendant’s contention, the information also sets forth sufficient evidentiary facts by alleging that defendant knew of his insufficient funds and intended or believed payment would be refused. This fulfilled the twofold purpose of an information, which is to inform defendant of the nature of the charge and the acts constituting it so that he may prepare for trial and protect himself from being tried again for the same offense (see CPL 100.15, subd 3; People v McGuire, 5 NY2d 523, 526). The People’s proof on these issues was properly left for trial.” (People v Miles, supra, at 732-733.) So here, the allegation that defendant was "in possession” of heroin is sufficiently evidentiary so as to satisfy CPL 100.15 (see, Penal Law § 10.00 [8]) and proof as to the nature of defendant’s possession should await trial. To the extent that People v Martes (supra) differs from this conclusion, it is disapproved (cf., People v Gore, 143 Misc 2d 106).
We would note that, in any event, the accusatory instrument sets forth more than a bare allegation of possession. Defendant was originally charged in a felony complaint with criminal sale of a controlled substance in the third degree as well as criminal possession in the seventh degree. The charges were later reduced to the charge upon which defendant was ultimately convicted. However the factual allegation of a sale *597 in addition to bare possession remained. Thus the nature of defendant’s possession was clearly set forth.
We find no merit in defendant’s contention that the court below abused its discretion in limiting defendant’s cross-examination of Police Officer Richard Porter.
Kassoff, P. J., Williams and Santucci, JJ., concur.