*1002 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified. Defendant’s convictions on the first and third counts for criminal possession of a controlled substance and the sentence thereon should be vacated and those counts dismissed. The order should be otherwise affirmed.
The People’s evidence was legally insufficient to establish defendant’s constructive possession of the cocaine found in the back room of a grocery store where defendant was arrested. Immediately after announcing his presence, the arresting officer observed the defendant and three others exiting a back room of a grocery store and walking briskly towards the front exit. There was contraband in the back room in plain view. There was no evidence that defendant owned, rented or had control over or a possessory interest in the store or the back room (compare, People v Watson, 56 NY2d 632; People v Robertson, 48 NY2d 993; People v Phiefer, 43 NY2d 719). Nor was there proof that defendant was involved in any drug selling or other operation being conducted there (compare, People v Tejeda, 73 NY2d 958; People v Gina, 137 AD2d 555, lv denied 71 NY2d 1027).
The proof that defendant was coming from the back room is insufficient. Presence in a public place does not itself prove dominion and control over contraband discovered there (see, People v Headley, 74 NY2d 858, 859, affg 143 AD2d 937; People v Russell, 34 NY2d 261, 264-265; People v Siplin, 29 NY2d 841; Penal Law § 10.00 [8]; cf., People v Dawkins, 136 AD2d 726, 727 [defendant found standing in kitchen of apartment with vials of cocaine between her feet]). The case of People v Tejeda (73 NY2d 958, supra) cited by the People is distinguishable. There the drugs were found in an apartment in which the defendant was present and the statutory presumption of possession applied (see, Penal Law § 220.25).
Defendant’s remaining contentions pertaining to his conviction on the other counts of the indictment are without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order modified in accordance with the memorandum herein and, as so modified, affirmed.