■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BETANCOURT, Appellant.—Judgment of the Supreme Court, New York County (Martin Rettinger, J.), rendered on April 25, 1989, which convicted defendant, following a jury trial, of criminal sale of a controlled substance in the third degree and sentenced him, as a predicate felon, to a term of imprisonment of from 4½ to 9 years, is unanimously affirmed.

Defendant was arrested as the result of his participation in the sale of one vial of crack cocaine to an undercover narcotics officer conducting a "buy-and-bust" operation. In that regard, defendant, who was distinctively dressed, handed the officer the cocaine after she gave $10 in prerecorded buy money to defendant's accomplice. She then made a confirmatory identification of defendant at the scene within 20 to 25 minutes of the transaction. Viewing the evidence in the light most favorable to the People, as we are required to do *(People v Tejeda,* 73 NY2d 958), it is clear that the proof was sufficient to support defendant's guilt beyond a reasonable doubt. Moreover, there is simply no basis apparent in the record which would warrant setting aside the jury's crediting of the officer's testimony *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932).

As for defendant's contention that information concerning the confirmatory identification was not included in the voluntary disclosure form furnished to defense counsel, this omission certainly does not mandate reversal of defendant's conviction. Defendant was not at all prejudiced thereby, and, in any event, it is undisputed that the prosecution did provide advance notice of the confirmatory identification. Where, as in the situation herein, there is a confirmatory identification by a trained narcotics officer shortly after a narcotics purchase, a *Wade* hearing is not required *(People v Wharton,* 74 NY2d 921). Under such circumstances, the observation by the officer merely constitutes an "ordinary and proper completion of an integral police procedure" *(People v Wharton, supra,* at 922-923). Finally, we have considered defendant's remaining arguments and find them to be without merit or unpreserved for appellate review (CPL 470.05). Concur—Murphy, P. J., Sullivan, Milonas and Smith, JJ.