■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH LEMONIOUS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered October 28, 1986, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction for criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree arose out of an undercover narcotics operation conducted by the police on November 19, 1985. An undercover officer purchased a tinfoil packet of cocaine through a slot in a steel door located on the third floor of a semi-abandoned apartment building in Brooklyn. A few minutes later a backup team arrived and battered down the door. Upon entering the apartment, the police found the defendant standing between the kitchen and living room within two feet of a rifle and handgun which were lying on the floor. The police also found several tinfoil packets containing cocaine, paraphernalia relating to drug selling, and a pile of loose cocaine, all of which were in plain view.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see also, People v Darrell,* 161 AD2d 726; *People v Davis,* 144 AD2d 689; *People v Ogelsby,* 128 AD2d 556). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved

for appellate review *(see,* CPL 470.05) or any error was harmless beyond a reasonable doubt in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230).

Finally, we perceive no basis on which to disturb the sentence imposed. Bracken, J. P., Harwood, O'Brien and Ritter, JJ., concur.