■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE FRAZER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered January 2, 1990, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminal possession of marihuana in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's conviction arose out of an undercover narcotics operation conducted by the police on September 29, 1988. An undercover officer purchased two vials of crack cocaine through a steel basement door of a semi-abandoned apartment building. A few minutes later a backup team arrived and battered down the side door of a connected first-floor apartment. Upon entering the apartment, the police found the defendant hiding in a closet within 10 to 15 feet from the contraband, which was lying in plain view next to an open trap door that led into the basement. The front door of the apartment and the windows were boarded up from the inside. The apartment's side door, which had to be battered down, was padlocked from the outside and the only method of ingress and egress out of the apartment appeared to be through the basement where the drugs were sold.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Lemonious,* 168 AD2d 636; *People v Darrell,* 161 AD2d 726; *People v Davis,* 144 AD2d 689).* Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The trial court properly exercised its discretion in denying the defendant's application to call the prosecutor to testify as

a witness for the defense with regard to an affirmation she had prepared concerning the location of the drugs *(see, People v Paperno,* 54 NY2d 294). The court, acting on the application, ordered a hearing *in limine* at which the prosecutor testified that the affirmation submitted in response to the defendant's omnibus motion was merely her interpretation of a Grand Jury synopsis sheet and that she did not base her affirmation on any conversations with any of the police officers involved in the case. Accordingly, since calling her as a witness would only have served to inject her credibility unnecessarily and inappropriately into the proceedings and the statements in her affirmation had no impact on the theory of the prosecution's case, the defendant cannot be said to have been prejudiced by the denial of his application to have her testify. Mangano, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.