■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE HUMPHREY, Appellant. [634 NYS2d 212] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Wade, J.), rendered July 15, 1993, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminal possession of marihuana in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On August 5, 1992, an undercover police officer purchased marihuana through an opening in a plexiglass partition located inside the defendant's clothing store. On August 12, 1992, a team of police officers returned with a search warrant for that location and, following a confirmatory purchase by the undercover officer, executed the warrant. As soon as the police entered, the defendant, who was behind the plexiglass partition, fled out the back door. He was apprehended moments later in the rear of the premises. In their search of the premises, the police found, *inter alia,* over one-eighth ounce of cocaine packaged in 25 bags, over two ounces of marihuana packaged in 62 bags, and two pipes with cocaine residue.

It is well settled that to support a charge that a defendant was in constructive possession of contraband, "the People must show that the defendant exercised 'dominion or control' over the property by a sufficient level of control over the area in which the contraband is found or over the person from whom the contraband is seized" *(People v Manini, 79 NY2d 561, 573).* Here, the People's evidence established, *inter alia,* that (1) a portion of the narcotics was situated on an open shelf behind

and just below the plexiglass partition, (2) the remaining narcotics were situated on a stairwell located behind the plexiglass partition, (3) the defendant was situated in close proximity to all the narcotics, (4) the defendant was the proprietor of the store, (5) marihuana had been sold to the undercover officer only a few minutes prior to the execution of the warrant, (6) prerecorded money was recovered from a metal box in the stairwell which contained over $500, and (7) the defendant attempted to flee upon the execution of the warrant (see, People v Manini, supra, at 573; People v Tejeda, 73 NY2d 958; People v Robertson, 48 NY2d 993; People v Davis, 144 AD2d 689; cf., People v Pearson, 75 NY2d 1001). We find that this evidence amply supports the conclusion that the defendant was in constructive possession of the narcotics.

Furthermore, the fact that the cocaine and marihuana were packaged in numerous small bags (62 bags of marihuana and 25 bags of cocaine) demonstrated that the drugs were intended to be sold and were not for personal use (see, People v Timmons, 127 AD2d 806).

The defendant's contention that the People failed to prove, pursuant to People v Ryan (82 NY2d 497), that he knew the weight of the narcotics which he had possessed is unpreserved for appellate review (see, People v Lawrence, 85 NY2d 1002; People v Sanchez, 86 NY2d 27; People v Gray, 86 NY2d 10).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Ritter, Copertino and Pizzuto, JJ., concur.