OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is reversed, on the law, and the misdemeanor complaint is dismissed.
Defendant, who was charged with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), entered into a negotiated plea agreement in which he waived prosecution by information and was promised that, in exchange for a guilty plea to disorderly conduct, he would be sentenced to three days’ incarceration and a mandatory $120 surcharge.
On appeal, defendant argues that the misdemeanor complaint is jurisdictionally defective because it fails to sufficiently allege the possession element of the offense of criminal possession of a controlled substance in the seventh degree.
A challenge to the facial sufficiency of an accusatory instrument based on nonwaivable jurisdictional defects is not forfeited by a guilty plea (see People v Dreyden, 15 NY3d 100 [2010]; People v Kalin, 12 NY3d 225 [2009]; People v Konieczny, 2 NY3d 569 [2004]). A misdemeanor complaint is sufficient on its face when it alleges “ ‘facts of an evidentiary character’ (CPL 100.15 [3]) demonstrating ‘reasonable cause’ to believe the defendant committed the crime charged (CPL 100.40 [4] [b])” (People v Dumas, 68 NY2d 729, 731 [1986]).
We find that the misdemeanor complaint herein is jurisdiction-ally defective in that it fails to demonstrate reasonable cause to believe that defendant physically or constructively possessed a controlled substance (see Penal Law §§ 10.00 [8]; 220.03). An allegation of constructive possession in a complaint must include facts of an evidentiary nature demonstrating reasonable cause to believe “ ‘that the defendant exercised “dominion or control” over the property by a sufficient level of control over the area in which the contraband [was] found or over the person from whom the contraband [was] seized’ ” (People v Aveni, 100 AD3d 228, 244 [2012], lv granted 20 NY3d 1059 [2013], quoting People v Manini, 79 NY2d 561, 573 [1992], quoting Penal Law § 10.00 [8]). A defendant’s presence in a public place, by itself, is insuf *98 ficient to demonstrate reasonable cause to believe that the defendant exercised dominion or control over the contraband (People v Pearson, 75 NY2d 1001, 1002 [1990]).
Here, the arresting officer’s allegation that he recovered crack and crack cocaine residue from “inside [a specified address] next to where the defendant was situated” is too vague to demonstrate reasonable cause to believe that defendant had exercised dominion or control over the controlled substance. Nothing in the facts alleged in the complaint specifically indicates where defendant was “situated” with respect to the crack and crack cocaine residue, whether it was in plain view, and whether defendant exercised any dominion or control over the location from which it was recovered (compare People v Facey, 30 Misc 3d 138[A], 2011 NY Slip Op 50224[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011] [constructive possession was sufficiently alleged where the arresting officer observed defendant sitting inside of a store with three marijuana cigarettes in an ashtray, in plain view, in front of him and one marijuana cigarette on the floor at defendant’s feet]; People v Ortiz, 146 Misc 2d 594 [App Term, 2d Dept, 2d & 11th Jud Dists 1990] [information alleging that defendant was observed selling a quantity of heroin to an apprehended individual was sufficient to support a charge of possession of a controlled substance]). There are no allegations that defendant resided in the location or even that he frequented it regularly. Indeed, it is unclear from the accusatory instrument that the crack cocaine residue was recovered from a private setting, rather than a public setting. A mere allegation of defendant’s presence at the location where the residue was found is insufficient to establish the requisite dominion or control, and the misdemeanor complaint should be dismissed for facial insufficiency (see People v Pearson, 75 NY2d at 1002; People v Dawkins, 136 AD2d 726, 727 [1988]).
Accordingly, the judgment of conviction is reversed and the misdemeanor complaint dismissed.