The People of the State of New York, Respondent 
against
Anthony Slocum, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Neil E. Ross, J.), rendered March 13, 2014, convicting him, upon a plea of guilty, of disorderly conduct, and imposing sentence.




Per Curiam.
Judgment of conviction (Neil E. Ross, J.), rendered March 13, 2014, reversed, on the law, and the accusatory instrument is dismissed.
The accusatory instrument charging criminal possession of a controlled substance in the seventh degree (see Penal Law § 220.03) was jurisdictionally defective. The instrument recited, in relevant part, that on a particular date and time, and at a location described as "across from 224 East 47 Street," police recovered "one loose crack/cocaine rock from the seat where [the officer] observed the defendant sitting." These facts, even when taken together with all reasonable inferences which can be drawn from those facts (see People v Jackson, 18 NY3d 738, 747 [2012]), were insufficient to demonstrate reasonable cause to believe that defendant constructively possessed the crack cocaine, i.e., that he had dominion and control over the area where it was located (see Penal Law §§ 220.03, 10.00[8]; People v Manini, 79 NY2d 561, 573 [1992]). There was no allegation that defendant owned, rented or had control over or a possessory interest in the location, or was engaged in any drug-related activity there (see People v Pearson, 75 NY2d 1001, 1002 [1990]). Indeed, it is not even clear from the accusatory instrument if the described location was a private setting rather than a public setting (see People v Glassman-Blanco, 42 Misc 3d 96 [2013]). "Presence in a public place does not itself prove dominion and control over contraband discovered there" (People v Pearson, 75 NY2d at 1002).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 16, 2017