The People of the State of New York, Respondent,
against
Jordan Medina, Appellant.




New York City Legal Aid Society (Whitney A. Robinson of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Ann Bordley and Kristen A. Carroll of counsel), for respondent.
 

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Marguerite S. Dougherty, J.), rendered July 13, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree.




ORDERED that the judgment of conviction is affirmed.
As a result of an incident that occurred at approximately 3:00 p.m. on July 7, 2015 at 4th Avenue and 56th Street in Brooklyn, defendant was charged with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) and four violations of the Administrative Code of the City of New York.
The factual part of the accusatory instrument with respect to criminal possession of a controlled substance in the seventh degree, insofar as is relevant to the issue raised on appeal, alleged that:
"The Deponent [New York City Police Officer Richard Rodriguez] observed the defendant in possession of a quantity of crack cocaine residue in that informant [New York City Police Officer Timothy Gavigan] recovered a crack pipe with crack cocaine [*2]residue from the defendant's bag."
Defendant pleaded guilty to "the residue charge," criminal possession of a controlled substance in the seventh degree, in full satisfaction of the entire docket. He waived prosecution by information. 
On appeal, defendant contends that the factual portion of the accusatory instrument does not sufficiently set forth the element of possession and, thus, the complaint is jurisdictionally defective.
Since defendant expressly waived prosecution by information, the accusatory instrument's legal sufficiency must be evaluated under the standards which govern that of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 524 [2014]), which is sufficient on its face when it alleges facts of an evidentiary character supporting or tending to support the charge (see CPL 100.15 [3]) and provides reasonable cause to believe that the defendant committed the crime charged (see CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729, 731 [1986]).
Under the Penal Law, "[a] person is guilty of criminal possession of a controlled substance in the seventh degree when he or she knowingly and unlawfully possesses a controlled substance" (Penal Law § 220.03). Pursuant to Penal Law § 10.00 (8), "[p]ossess[ion]" means to have physical possession or otherwise exercise dominion or control over tangible property (see People v Manini, 79 NY2d 561, 573 [1992]; People v Glassman—Blanco, 42 Misc 3d 96, 98 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). The element of possession was sufficiently alleged in the instant accusatory instrument since the officer set forth that he had "observed the defendant in possession of a quantity of crack cocaine residue." A misdemeanor complaint charging a defendant with criminal possession of a controlled substance in the seventh degree based on the allegation that the defendant was observed "in possession" of contraband is not jurisdictionally defective for the failure to contain evidentiary allegations detailing the manner in which the defendant possessed the controlled substance (see People v Birmingham, 41 Misc 3d 129[A], 2013 NY Slip Op 51726[U], *1-2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; People v Ortiz, 146 Misc 2d 594 [App Term, 2d Dept, 2d & 11th Jud Dists 1990]). Here, the accusatory instrument alleged that the controlled substance was recovered from defendant's bag; the proof as to the exact nature of defendant's possession should await trial (see People v Ortiz, 146 Misc 2d at 596).
Accordingly, the judgment of conviction is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 25, 2018