The People of the State of New York,
against
Joseph Wiltshire, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Brenda Rivera, J.), rendered May 18, 2016, convicting him, upon a plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Brenda Rivera, J.), rendered May 18, 2016, reversed, on the law, and the accusatory instrument dismissed.
The accusatory instrument charging criminal possession of a controlled substance in the seventh degree (see Penal Law § 220.03) was jurisdictionally defective. The instrument recited, in relevant part, that on a particular date and time, and at a location described as "underneath the overpass of the Bruckner Boulevard Expressway," a police officer observed defendant "to have in his custody and control, on a concrete ledge where defendant was seated, one zip lock bag containing a white powdery residue" that the officer determined to be crack cocaine. These facts, even when taken together with all reasonable inferences which can be drawn from them (see People v Jackson, 18 NY3d 738, 747 [2012]), were insufficient to demonstrate reasonable cause to believe that defendant constructively possessed the crack cocaine, i.e., that he had dominion and control over the area where it was located (see Penal Law §§ 10.00[8], 220.03; People v Manini, 79 NY2d 561, 573 [1992]). There was no allegation that defendant had control over or a possessory interest in the location, described in the complaint as "NYC property" with posted "no trespass" signs, or was engaged in any drug-related activity, nor an allegation indicating where defendant was "seated" in proximity to the crack cocaine residue or whether it was in plain view (see People v Pearson, 75 NY2d 1001, 1002 [1990]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 25, 2019