The People of the State of New York, Respondent,
against
Patricia Morris, Appellant.




New York City Legal Aid Society (Jonathan R. McCoy of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Gamaliel Marrero of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Donald Leo, J.), rendered December 12, 2016. The judgment convicted defendant, upon her plea of guilty, of disorderly conduct.




ORDERED that the judgment of conviction is reversed, on the law, the guilty plea is vacated and the accusatory instrument is dismissed.
Defendant was charged in an accusatory instrument with two counts of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) and one count of criminally using drug paraphernalia in the second degree (Penal Law § 220.50 [3]). The accusatory instrument alleges, in relevant part, that defendant was seen exiting a hotel building which, she told the deponent police officer, was her "temporary address." Police discovered cocaine, heroin and drug paraphernalia in an unspecified guest room of that hotel. Defendant pleaded guilty to disorderly conduct (Penal Law § 240.20 [1]) in satisfaction of the accusatory instrument. On appeal, defendant argues that the accusatory instrument is facially insufficient and, hence, jurisdictionally defective.
Since defendant expressly waived prosecution by information, the accusatory instrument's legal sufficiency must be evaluated under the standards which govern that of a misdemeanor complaint (People v Dumay, 23 NY3d 518, 524 [2014]), which is sufficient on its face when it alleges facts of an evidentiary character supporting or tending to support the charge (see CPL 100.15 [3]) and provides reasonable cause to believe that the defendant committed the crime charged (see CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729, 731 [1986]).
"An allegation of constructive possession in a complaint must include facts of an [*2]evidentiary nature demonstrating reasonable cause to believe that the defendant exercised dominion or control over the property by a sufficient level of control over the area in which the contraband [was] found or over the person from whom the contraband [was] seized" (People v Glassman-Blanco, 42 Misc 3d 96, 97 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013] [internal quotation marks omitted]). In this case, defendant's admission to temporarily residing in the hotel does not, alone, constitute dominion and control over the specific guestroom in which the contraband was discovered. Because nothing more is alleged within the four corners of the accusatory instrument connecting defendant to the guestroom in question, "possession," which is an element common to all of the charges here, as set forth in the accusatory instrument, is alleged insufficiently, rendering the accusatory instrument jurisdictionally defective. 
Accordingly, the judgment of conviction is reversed, the guilty plea is vacated and the accusatory instrument is dismissed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 10, 2019