People v Jadeed (2021 NY Slip Op 50708(U))

[*1]

People v Jadeed (Mohannad)

2021 NY Slip Op 50708(U) [72 Misc 3d 133(A)]

Decided on July 22, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 22, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, TIMOTHY S.
DRISCOLL, JJ

2019-992 N CR

The People of the State of New York,
Respondent, 
against
Mohannad Jadeed, Appellant. 

Nassau County Legal Aid Society (Tammy Feman and Gianpaolo Ciocco of counsel), for
appellant.
Nassau County District Attorney (Kevin C. King and John B. Latella of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Martin J.
Massel, J.), rendered April 17, 2019. The judgment convicted defendant, upon a jury verdict, of
criminal possession of a controlled substance in the seventh degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an information with criminal possession of a controlled substance
in the seventh degree (Penal Law § 220.03). The factual portion of the information contains
the following allegations by the complainant, Police Officer Thomas Rilling:
"Mohammed Jadeed, was found to be in possession of a white rocklike substance believed
to be crack cocaine. During a narcotics investigation of a Gray 2015 Lexus with New York
registration HUH 1730, deponent recovered from the center cupholder one clear plastic knotted
bag containing a white rocklike substance believed to be crack cocaine.
The belief that the above substance is crack cocaine is based upon your deponent's 13 years'
experience as a police officer, training received through the Nassau County Police Department in
the identification of crack cocaine, involvement in hundreds of arrests for drug related offenses
including crack cocaine as well as the color, texture and method of packaging."
At a jury trial, Police Officer Thomas Rilling testified that, on April 21, 2018 at about [*2]2:20 a.m., he and his partner, Kenneth Kramer, were driving on
Fulton Avenue in Hempstead and pulled into a parking lot of a Wells Fargo Bank located at 145
Fulton Avenue. He saw a 2015 gray Lexus parked with the engine running and the inside dome
light on. As he approached the parked vehicle, he noticed the passenger in that vehicle smoking
what he believed to be crack cocaine from a clear glass pipe. After he and his partner circled the
lot, they parked behind the Lexus. His partner approached the driver's side of the vehicle and he
approached the passenger's side. He recovered a clear glass pipe commonly used for smoking
crack cocaine from the passenger. He had the passenger exit the vehicle and placed him under
arrest. Then, from his position standing outside the vehicle, he observed in plain view, in the cup
holder of the vehicle, a clear plastic bag containing a rock-like substance which he believed to be
crack cocaine. His partner placed defendant under arrest. 
Following the trial, the jury found defendant guilty of criminal possession of a controlled
substance in the seventh degree, and the court imposed a sentence of a conditional
discharge.
On appeal, defendant contends, among other things, that the information is jurisdictionally
defective, the evidence was legally insufficient to establish his guilt beyond a reasonable doubt
and the verdict was against the weight of the evidence.
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a
criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see also People v Dumay, 23 NY3d
518, 522 [2014]; People v
Dreyden, 15 NY3d 100, 103 [2010]). To be legally sufficient, the factual portion of an
information must contain "facts of an evidentiary character" (CPL 100.15 [3]; see CPL
100.40 [1] [a]) that provide "reasonable cause to believe that the defendant committed the
offense charged" (CPL 100.40 [1] [b]) and "[n]on-hearsay allegations [which], if true, [establish]
every element of the offense charged and the defendant's commission thereof" (CPL 100.40 [1]
[c]; see People v Barnes, 26 NY3d
986, 990 [2015]; People v Matthew
P., 26 NY3d 332, 335 [2015]). "So long as the factual allegations of an information give
an accused notice sufficient to prepare a defense and are adequately detailed to prevent a
defendant from being tried twice for the same offense, they should be given a fair and not overly
restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]; accord People v Kalin, 12 NY3d
225, 230 [2009]; People v
Konieczny, 2 NY3d 569, 575 [2004]). Furthermore, since proof of states of mind, such
as guilty knowledge or intent, are normally based upon circumstantial evidence (see e.g.
People v Johnson, 65 NY2d 556, 561 [1985]; People v Mackey, 49 NY2d 274, 279
[1980]), for pleading purposes, the requisite mental state may be alleged on the basis of a logical
inference from the act itself or upon the surrounding circumstances (see People v Mizell,
72 NY2d 651, 656 [1988]; People v
Kwas, 52 Misc 3d 52, 54 [App Term, 2d Dept, 9th & 10th Jud Dists 2016];
People v Bishop, 41 Misc 3d 144[A], 2013 NY Slip Op 52063[U] [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2013]; People v Prevete, 10 Misc 3d 78, 80 [App Term, 2d Dept, 9th
& 10th Jud Dists 2005]). The failure to meet these requirements may be asserted at any
time, with the exception of a claim of hearsay, which, as here, is waived if not raised in a timely
objection or motion in the trial court (see People v Casey, 95 NY2d 354 [2000]).
Pursuant to Penal Law § 220.03, "[a] person is guilty of criminal possession of a
controlled substance in the seventh degree when he or she knowingly and unlawfully possesses a
controlled substance."
Contrary to defendant's contention, the element of possession was sufficiently alleged in
[*3]the accusatory instrument because the officer set forth that
defendant "was found to be in possession of" a quantity of crack cocaine. The information
charging a defendant with criminal possession of a controlled substance in the seventh degree
based on the allegation that the defendant was "found to be in possession" of contraband is not
jurisdictionally defective for the failure to contain evidentiary allegations detailing the manner in
which the defendant possessed the controlled substance (see People v Birmingham, 41
Misc 3d 129[A], 2013 NY Slip Op 51726[U], *1-2 [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2013]; People v Ortiz, 146 Misc 2d 594, 596 [App Term, 2d Dept, 2d &
11th Jud Dists 1990]), and the proof as to the exact nature of defendant's possession should await
trial (see People v Cosmos, 49 Misc
3d 134[A], 2015 NY Slip Op 51470[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2015]; People v Ortiz, 146 Misc 2d at 596). Additionally, defendant's knowledge
may be established circumstantially by his conduct, and the allegation in the information of
possession permits the inference, for pleading purposes, that the defendant knew what he
possessed (see People v Mizell, 72 NY2d at 656). The fact that the controlled substance
was ultimately recovered from a vehicle does not, without more, contradict the allegation that
defendant was found to be in possession of a controlled substance.
Viewing the evidence in the light most favorable to the prosecution (see People v
Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish
defendant's guilt of criminal possession of a controlled substance in the seventh degree beyond a
reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of
the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord
great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and
observe their demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v
Bleakley, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the
verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
We have reviewed defendant's remaining contentions and find them to be either unpreserved
for appellate review or without merit.
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 22, 2021